**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRACY MURRILL, as Personal Representative of ROBERT VINCENT LOCKE, Deceased,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CASE NO.: 1:26-cv-00017-KD-N** |
| **NAPHCARE, INC.; SHERIFF PAUL BURCH; KATIE ERICKSON, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

<u>**ANSWER OF DEFENDANT SHERIFF PAUL BURCH**</u>

Defendant Sheriff Paul Burch answers the Complaint as follows:

## I.      INTRODUCTION

1.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

2.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

3.      Defendant admits that Mobile County contracted with NaphCare to provide certain services at the Mobile County Metro Jail.  Any remaining allegations of this paragraph not specifically admitted are hereby denied.

4.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

5.      Denied.

6.      Denied.

7.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

8.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

9.     Denied.

## II.     JURISDICTION

10.     Defendant admits that Plaintiff asserts claims under 42 U.S.C. § 1983 and that this Court has jurisdiction pursuant to the referenced statutes.  Any remaining allegations of this paragraph not specifically admitted herein are herby denied.

11.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

12.     Admitted.

## III.     PARTIES

13.     Defendant admits that Robert Locke is the Plaintiff's decedent in this case.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

14.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

15.     Defendant admits that Sheriff Paul Burch is the current Sheriff of Mobile County. Defendant further admits that Plaintiff is asserting claims against this Defendant in both his individual and official capacities.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

16.     Defendant admits that Mobile County, Alabama, is a governmental entity organized and existing under the laws of the State of Alabama.  Defendant further admits that

Mobile County is one of the entities responsible for funding the Mobile County Metro Jail. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

17. Defendant admits that NaphCare is a corporation doing business in the State of Alabama. Defendant further admits that NaphCare contracted to provide medical care to inmates at the Mobile County Metro Jail. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

18. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

19. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

20. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### IV. FACTS COMMON TO ALL COUNTS

**A. Mr. Locke's detention at Mobile County Metro Jail.**

21. Admitted.

22. Defendant admits that Mr. Locke had been admitted many times to the Mobile County Metro Jail. Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

23. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

24. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

25.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

26.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

27.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

28.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

29.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

30.    Admitted.

31.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

32.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

33.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

34.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

35.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

36.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

37.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

38.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

39.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

40.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

41.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

42.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

43.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

44.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

45.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

46.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

47.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

48.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

49.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

50.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

51.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

52.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

53.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

54.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

55.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

56.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

57.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

58.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

59.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

60.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

61.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

62.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

63.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

64.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied

65.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

66.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

67.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

68.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

69.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

70.     Defendant denies that Mr. Locke was not monitored by correctional staff from March 18, 2024 to March 22, 2024. Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

71.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

72.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

73.     Defendant admits that Mr. Locke was transferred to the hospital the afternoon of March 22, 2024.

74.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

75.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

76.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

77.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

78.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

79.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

80.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

81.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

82.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

**B.  NaphCare is known to provide unconstitutional and inadequate medical care pursuant to unsafe policies and practices.**

83.     Defendant admits that NaphCare is a correctional healthcare company. Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

84.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

85.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

86.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

87.

    a.     Denied

    b.     Denied.

88.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

89.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

90.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

91.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

92.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

93.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

94.　　　Denied.

95.　　　Denied.

**C.　NaphCare's unconstitutional policies are demonstrably dangerous.**

96.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

97.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

98.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

99.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

100.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

101.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

102.　　　Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

103.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

104.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

105.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

106.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   a.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   b.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   c.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   d.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   e.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   f.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

   g.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

h.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

i.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

j.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

k.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

l.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

m.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

n.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

o.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

p.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

q.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

r.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

s.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

t.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

u.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

v.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

w.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

x.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

107.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

108.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

109.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

110.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

**D.  NaphCare's unconstitutional policies and practices are driven by profit motive.**

111.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

112.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

113.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

114.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

115.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

116.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

117.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

118.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

119.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

120.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

121.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

122.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

123.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

124.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

125.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

126.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

127.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

128.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

**E.   Mobile County and Sheriff Paul Burch breached their non-delegable duty to provide inmates with adequate medical care.**

129.     Denied.

130.     Defendant admits that as Sheriff he has legal custody and charge of the jail and that he may employ persons to carry out his duty to operate the jail. Defendant further admits that necessary medicines and medical attention is provided to inmates at the expense of the County. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

131.     Defendant admits that he was sworn in as Sheriff in January 2023.

132.     Defendant admits that the Sheriff is responsible for certain statutory requirements related to the operation of the Mobile County Metro Jail.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

133.     Defendant admits that the Jail Administrator is an appointed position. Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

### *i. Mobile County and Sheriff Paul Burch are aware of the many problems and dangers that exist in the Mobile County Metro Jail.*

134.     Defendant admits that NaphCare was a contractor for healthcare services at the Mobile County Metro Jail in 2024. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

135.     Defendant admits that NaphCare has been the contractor for healthcare services at the Mobile County Metro Jail since 2013. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

136.     Admitted.

137.     Denied.

138.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

139.     Defendant admits that, as with nearly any jail, there are inmates occasionally transferred to Mobile County Metro Jail for safekeeping.

140.     Defendant denies that there is a "history of inmates dying in custody." Defendant admits that given the population of Mobile County Metro Jail and medical conditions of inmates there have been inmate deaths while in custody.

          a.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

          b.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

c.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

d.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

e.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

f.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

g.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

h.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

141.   Denied.

142.   Defendant admits that he spoke multiple times with the press publicly about a series of deaths at Mobile County Metro Jail in the summer/fall of 2023.

a.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

b.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

c.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

d.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

e.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

f.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

143.    Denied.

144.    Denied.

145.    Defendant admits that NaphCare is paid by Mobile County pursuant to its contract.

146.    Defendant admits that NaphCare's performance is monitored. Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations of this paragraph; therefore, same are denied.

147.    Denied.

148.    Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

***ii. Mobile County and Sheriff Burch continue to fund and maintain the contracts with NaphCare, despite the evident risks.***

154.    Defendant admits that Mobile County maintained a contract with NaphCare at all times relevant to the allegations made the basis of this lawsuit.

155.    Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

161. Admitted.

### *2019*

162. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

163. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### *2020*

164. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

165. Defendant avers that Sheriff Burch was not serving as Sheriff during this time period. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

166. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

167. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

168.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

169.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

170.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

171.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

172.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

173.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

174.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

175.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

176.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

177.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### *2021*

178.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

179.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### *2022*

180.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

181.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### *2023*

182.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

183.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

     a.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

     b.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

     c.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

184.     Denied.

**AS TO THE FIRST CAUSE OF ACTION**

**I.**     **Section 1983 – Violation of the Fourteenth Amendment to the U.S. Constitution**

    **A. Plaintiff v. Mobile County, Sheriff Paul Burch in his official capacity, NaphCare USA, Inc., NaphCare, Inc. (*Monell*)**

185.     Defendant adopts his prior responses.

186.     Denied.

187.     Denied.

        a.     Denied.

        b.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

    **B. All Plaintiffs v. Sheriff Paul Burch in his individual capacity (Supervisory Liability)**

196.     Defendant adopts his prior responses.

197.     Denied.

198.     Denied.

199.     Denied.

200.     Denied.

201.    Denied.

202.    Denied.

203.    Denied.

**C.  Plaintiff v. Katie Erickson, John Does 1-10 (Deliberate Indifference to a Serious Medical Need)**

204.    Defendant adopts his prior responses.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

<u>**AS TO COUNT II – Negligence**</u>

**A.  Plaintiff v. NaphCare USA, Inc., NaphCare, Inc.**

211.    Defendant adopts his prior responses.

212.

      a.      Denied.

      b.      Denied.

      c.      Denied.

      d.      Denied.

      e.      Denied.

      f.      Denied.

      g.      Denied.

      h.      Denied.

      i.     Denied.

      j.     Denied.

      k.     Denied.

      l.     Denied.

213.   Denied.

**B. Plaintiff v. the agents and employees of NaphCare USA, Inc., NaphCare, Inc.**

214.   Defendant adopts his prior responses.

215.   Denied.

      a.     Denied.

      b.     Denied.

      c.     Denied.

      d.     Denied.

      e.     Denied.

      f.     Denied.

      g.     Denied.

      h.     Denied.

216.   Denied.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against this Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts the defense of sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts the defense of Eleventh Amendment immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of substantive immunity.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of state-agent immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of discretionary-function immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this Defendant had no duty or ability to control, thereby constituting an independent cause resulting in injury to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all statutes and the common law and other constitutional provisions conferring unity or immunity protection to governmental entities and their employees.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred based on the applicable statutes of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of absolute immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged acts or admissions of this Defendant did not proximately cause or contribute to the injuries or damages of which the Plaintiff now complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, accord and satisfaction, consent and acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims do not assert any viable constitutional claim against this Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the sole proximate cause of Plaintiff's alleged injuries are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this Defendant, and as such, this Defendant can have no liability whatsoever for the claims asserted in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant claims the protection of all applicable statutory caps on damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, authority, and/or the requisite legal capacity or legal existence to maintain the present lawsuit and each and every claim and/or cause of action asserted herein.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damage in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a)     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h)     The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g)     The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred based on the requirements of the Prison Litigation Reform Act (PLRA).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of State immunity.

## TWENTY-SIXTH  AFFIRMATIVE DEFENSE

Defendant asserts the protections and benefits and immunities under the Alabama and United States Constitutions.

### TWENTY-SEVENTH  AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred because a party cannot benefit from his own unlawful activity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants assert the defense of unclean hands.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that any verdict based on Plaintiff's claims for compensatory damages for pain and suffering, mental anguish or emotional distress would violate this Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety of an amount of such damages violate Constitutional prohibitions against vague and over-broad laws.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against this Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff and/or Robert Vincent Locke consented to the medical treatment and thus assumed the risk of any adverse events or occurrences.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant claims the benefits and limitations of the Alabama Medical Liability Act of 1987, 1996, including § 6-5-540 through § 6-5-552.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants denies all allegations of agency and denies that the Plaintiff is entitled to recover damages against it pursuant to theories of respondeat superior, vicarious liability, non-delegable duty, imputed negligence, or any other theory of agency.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant avers that the Plaintiff's claims are barred in whole or in part by the medical releases executed or given with the medical treatment at issue.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant avers that to the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than this Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant expressly denies exercising, or having the right to exercise, control, whether direct or indirect, over any physician or nurse practitioner named, or to be named in the Plaintiff's Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants plead all other affirmative defenses in bar or abatement of the claims asserted against him in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

*/s/ Thomas O. Gaillard, III*
THOMAS O. GAILLARD, III
*Attorney for Defendant Paul Burch*

**OF COUNSEL:**
HELMSING, LEACH, HERLONG,
 NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
E-Mail: TOG@helmsinglaw.com


## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 27th day of February, 2026, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following undersigned counsel of record:

Aaron Maples, Esquire (*aaron@maplesconnick.com*)
MAPLES, CONNICK & BRENDEL, LLC
411 St. Francis Street, Suite B
Mobile, AL 36602
***Attorney for Plaintiff***

Sam Harton, Esquire (*sharton@rblaw.net*)
ROMANUCCI AND BLANDIN, LLC
321 N. Clark Street
Chicago, IL 60654
***Attorney for Plaintiff***

*/s/ Thomas O. Gaillard, III*
OF COUNSEL
