**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| Tracy Murrill, as Personal Representative of Robert Vincent Locke, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>NaphCare, Inc., Mobile County, Sheriff Paul Burch, Katie Erickson, and John Does 1-10<br><br>Defendants. | 1:26-cv-00017-KD-N |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs respectfully move for leave to file an amended complaint. The proposed amendment substitutes the correct NaphCare corporate entities as defendants, as identified by Defendants themselves in their pleadings and corporate disclosure statement. Additionally, Plaintiff's complaint identifies Katie Erickson as a defendant, but her name has since changed to Katie Holder. Plaintiff seeks to identify her by her current name in the complaint.

## I.    Background

This action arises from the death of Robert Locke, who suffered a head injury while detained at the Mobile County Metro Jail ("MCMJ"). Relevant to this motion, Plaintiff alleges that Defendant NaphCare—the private healthcare contractor responsible for providing medical services at MCMJ—and their agent Katie Holder

1

were deliberately indifferent to Mr. Locke's serious medical needs, in violation of the Fourteenth Amendment and applicable Alabama law.

Plaintiffs filed the original Complaint naming NaphCare, Inc. as the NaphCare entity responsible for providing healthcare services at MCMJ pursuant to an agreement between NaphCare, Inc., Mobile County, and the Sheriff. ECF 1 at ¶ 17. Plaintiff specified that her "allegations against NaphCare extend to its parent companies, subsidiaries, and affiliated entities." In their Rule 7.1 disclosure, NaphCare identified multiple other affiliated corporate entities:

> NaphCare Alabama LLC, recently formed from the divisive merger of NaphCare LLC, f/k/a NaphCare, Inc., is a wholly owned subsidiary of NaphCare Operating LLC, f/k/a NaphCare US, Inc., which is a wholly owned subsidiary of NaphCare US TX LLC, f/k/a NaphCare US DE, LLC. None of these entities, nor any entity that owns 10% or more of these entities, is publicly traded. NaphCare Alabama LLC's general nature is a private correctional healthcare provider.

ECF 15 at 2. Additionally, in their motion to dismiss, NaphCare stated the following:

> NaphCare, Inc., an Alabama corporation, converted to NaphCare LLC, a Texas limited liability company, on October 17, 2025. Thereafter, NaphCare Alabama LLC was formed by the divisive merger of NaphCare LLC on January 28, 2026. In the Agreement and Plan of Merger that created NaphCare Alabama LLC, the Health Services Agreement between Mobile County, AL, the Sheriff of Mobile County, AL, and NaphCare, Inc. (the "Agreement"), along with "[a]ny and all claims or liabilities arising from [the Agreement], the services provided pursuant to [the Agreement] (including any and all active claims and lawsuits … and any other potential claims or liabilities, known or unknown, whether asserted at the time of the Merger or not, including any not specifically listed herein" was allocated to NaphCare Alabama LLC. Accordingly, NaphCare Alabama LLC is the correct defendant to this lawsuit alleging claims arising from the healthcare services provided at the Mobile County Metro Jail pursuant to the Agreement.

ECF 7 at 1.

2

Plaintiff now seeks to substitute the incorrectly named corporate entity—NaphCare Inc.—with the corporate entity into which it converted (NaphCare LLC), a corporate affiliate from which a "divisive merger"[1] was created (NaphCare Alabama LLC), and the parent companies thereof (NaphCare US TX LLC & NaphCare Operating LLC). Plaintiff has attached the proposed amended complaint Plaintiff has underlined the portions therein that have changed.

## II.    Discussion

A party may amend its pleading with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15. "Therefore, in the absence of any substantial reason to deny the motion, such as undue prejudice to defendants, or undue delay, bad faith or dilatory motive on the part of the plaintiff, or repeated failure to cure deficiencies or futility, the interests of justice require that leave should be freely given." *Campbell v. Allstate Ins.*, No. CV 08-0722-KD-B, 2009 WL 10704735, at *1 (S.D. Ala. May 20, 2009)

To start, the amendment is not futile because Plaintiff is within the statute of limitations. Plaintiff's claims sound in the wrongful death of Mr. Locke, which occurred on April 24, 2024. The applicable statute of limitations thus expires on April 24, 2026. See *Long v. Hodges*, 539 So. 2d 238, 239-40 (Ala. 1989) (holding that a Section 1983 claim must be brought within two years of the wrongful death); See also *Hall v. Chi*, 782 So. 2d 218, 222 (Ala. 2000) (finding a plaintiff's medical malpractice claim within the two-year statute of limitations when filed exactly two

---

[1] While states like Texas and Delaware permit divisive mergers, Alabama law appears silent on the use of such a structure.

years after the date of death, even though the date of the alleged malpractice occurred two years and nine months before the filing of the complaint.) Accordingly, any "new" defendants are being added within the applicable statute of limitations.

Even if the statute of limitations had expired, however, these defendants are not "new," but rather corrected names of a mistakenly identified corporate entity. Plaintiff made a deliberate, though apparently incorrect, choice to name NaphCare, Inc. as the private corporate entity responsible for Plaintiff's medical care. This is precisely the type of situation contemplated by Rule 15(c)'s "relation back" rule. "[I]f the Plaintiff misunderstood the corporate structure of the related entities, such that it resulted in a mistake concerning [a corporate defendant's] proper identity, then the Amended Complaint should relate back." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541, (2010). "[A]n incorrect choice based on information is not the same as a lack of knowledge. To state what should be obvious, an incorrect choice based on information is a mistake." *Brown v. VCNA Prestige Concrete Prods., Inc.*, No. 6:13-CV-979-ORL-31, 2014 WL 1293266, at *3 (M.D. Fla. Mar. 31, 2014).

Defendants identify NaphCare Alabama LLC  as the "proper" corporate defendant, and also identify two parent companies, NaphCare Operating LLC, and NaphCare US TX LLC, and an affiliated entity NaphCare LLC. Given that all four entities are affiliates of the originally sued NaphCare, Inc., they "knew or should have known that [plaintiff] would have sued them but for her mistake concerning the identity of the proper party, within the [ ] Rule 4(m) service period."[2] *Kilpatrick*

---

[2] This amendment is brought within Rule 4(m)'s prescribed period: 90 days of the original complaint's filing, January 26, 2026. ECF 1.

*v. Lauderdale Cnty. Sheriff's Dep't Alabama*, No. 3:20-CV-00098-HNJ, 2020 WL 6937843, at *8 (N.D. Ala. Nov. 13, 2020). Because the amendment relates back to the original complaint, the amendment would not be futile even if the statute of limitations had expired (although it has not).

Additionally, no Defendant will suffer undue prejudice because of this amendment, nor does Plaintiff seek the amendment for any dilatory motive. The amendment should not interfere with the pending motions to dismiss, as the amendment is not meant to cure any substantive defects raised in those motions. Plaintiff merely seeks to ensure that the entities named in this litigation, which appear to be part of a rather complex corporate structure, are the correct ones.

The same goes for Ms. Holder. She was originally sued by a former name, Erickson. Plaintiff seeks to amend the complaint so that it accurately reflects her current surname. Such an amendment relates back pursuant to Rule 15(c), and Plaintiff is within the statute of limitations to add a defendant in any event.

Plaintiff emailed counsel for Defendants regarding whether they opposed this motion on April 6, 2026, and received no response. Plaintiff respectfully requests the Court grant this Motion for Leave to Amend.

/s/ Sam Harton

Romanucci and Blandin, LLC
Sam Harton (*pro hac vice*)
321 N. Clark St.
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sharton@rblaw.net

Aaron Maples
Maples & Connick
733 Dante Street, Suite H
New Orleans, LA 70118
Tel: 504-269-3870
aaron@maplesconnick.com