# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

TRACY MURRILL,                    )
AS PERSONAL                       )
REPRESENTATIVE OF                 )
ROBERT VINCENT LOCKE,             )
DECEASED                          )
    Plaintiff,            )
                          )
v.                                )
                          ) CASE NO.: 1:26-cv-00017-KD-N
NAPHCARE, INC., MOBILE            )
COUNTY, SHERIFF PAUL              )
BURCH, KATIE ERICKSON             )
ET AL.                            )
                          )
    Defendants.           )

## DEFENDANT NAPHCARE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME OR, IN THE ALTERNATIVE, STAY ON DISCOVERY AND EXTENSION OF DEADLINES

COMES NOW NaphCare, Inc. ("NaphCare") and opposes Plaintiff's Motion

for Extension of Time (Doc. 32). As grounds, NaphCare states:

## INTRODUCTION

This is Plaintiff's second request for a lengthy extension of time to respond to

NaphCare's Motion to Dismiss –a motion that has been pending since February 18,

2026. NaphCare granted the initial request for a three-week extension in good faith.

Plaintiff's counsel now cites an illness that was never mentioned in counsel's pre-

filing correspondence with Defendants, and trial obligations in unrelated litigation.

1

These grounds are insufficient to support such a serial delay, particularly when counsel has had ample time to prepare, and has engaged additional help. The Motion is due to be denied.

## **BACKGROUND**

1.     This action was filed on January 26, 2026.[1] NaphCare filed its Motion to Dismiss on February 18, 2026.[2]

2.     Five days later on February 23, 2026, Plaintiff's counsel requested a 28-day extension form the undersigned to respond representing that she had the flu and her partner assisting with this case was preparing a March trial.[3] The undersigned agreed to the extension in good faith and without condition.[4] This is the first time Plaintiff's counsel cited illness and trial obligations in other litigation as grounds for an extension in this case.

3.     Shortly thereafter, Co-Defendant Katie Erickson was served, and at the time the undersigned represented Erickson. The undersigned requested a two week extension from Plaintiff's counsel to file Erickson's responsive pleading on March 30, 2026.[5] Upon request by Plaintiff's counsel, the undersigned disclosed she would

---

[1] Doc. 1
[2] Docs. 7-8.
[3] Ex. A, February 23, 2026 Email.
[4] Id.
[5] Ex. B. February 27, 2026 Email thread.

be filing a motion to dismiss on Erickson's behalf that would raise substantially similar issues to NaphCare's earlier filed motion.[6]

4.      Plaintiff's counsel specifically inquired to line up the briefing schedule with NaphCare's motion to promote judicial economy.[7] After conferring on the substance of the Joint Motion to Amend the Briefing Schedule, the undersigned requested Plaintiff's counsel take into account the Court's recent Order setting the parties' planning meeting deadline on April 13th.[8] The parties worked diligently together to coordinate the briefing schedule which the Court granted on March 10, 2026.[9]

5.      The new briefing deadline required Plaintiff to file an omnibus response to both motions to dismiss by April 13, 2026 and extended the deadline to conduct the Rule 26(f) report to May 5, 2026. The initial extension and subsequent joint schedule were grounded in concrete, structural justifications that served the interests of all parties and the Court.

6.      On April 3, 2026 at 12:35 p.m. – ten days before the current deadline – Plaintiff's counsel emailed the undersigned and Erickson's counsel requesting yet another extension, this time for 21 additional days, to May 4, 2026.[10] The sole basis

---

[6] Id.
[7] Id.
[8] Id.
[9] Id.; Docs. 16.
[10]Ex. C.

stated was preparation for an upcoming three-to-four week trial in an unrelated matter beginning in April.[11] No mention was made of any illness.[12] This is the second time in six weeks that Plaintiff's counsel has cited trial obligations in other litigation as a basis for an extension in this case. However, trial schedules are known well in advance and counsel has not provided any information to indicate otherwise.

7.      NaphCare has endeavored to work cooperatively with counsel as demonstrated by its unconditional agreement to Plaintiff's first extension request.[13] Consistent with that approach, the undersigned responded to the second request for an extension the same day within an hour and offered to consent to the extension on the condition Plaintiff's counsel agree to refrain from engaging in discovery until the motions to dismiss are resolved.[14] Further, the undersigned requested the parties jointly seek to extend the Rule 26(f) conference deadline with initial disclosures similarly deferred and offered to reset the conference 14 days post-ruling.[15] These requests were made in the spirit of promoting judicial economy as there is potential for claims and parties to be narrowed significantly upon the resolution of those motions, which will largely impact the relevant scope of discovery.

---

[11] Id.

[12] Id.

[13] Ex. A.

[14] Ex. C.

[15] Id.; Counsel for Erickson also joined in and consented to the undersigned's April 3rd proposal.

8.     That same afternoon, Plaintiff's counsel rejected the proposal and maintained she could not agree to stay discovery pending ruling on the motions to dismiss.[16] The motion for an extension was filed the following morning and is the first time Plaintiff's counsel cited an illness as an additional basis for the extension.

9.     While NaphCare understands and appreciates Plaintiff's counsel's position, it is equally entitled to the efficient progression of this litigation without undue prejudice. That concern is heightened here, where Plaintiff seeks yet another extension following a pattern of serial requests unsupported by new justification.

10.     Pursuant to Federal Rule Procedure 6(b) and 16(b)(4), the Court may grant or deny a request extensions of time upon a showing of good cause.

11.     Additionally, federal courts in Alabama routinely emphasize docket control, efficiency, and adherence to deadlines, particularly where a party seeks serial extensions without new justification. S.D. Ala. Standing Order No. 18.

12. Eleventh Circuit and Alabama case law supports denying Plaintiff's motion for extension of time, especially when parties have been granted protracted extensions. *See Attea v. Univ. of Miami*, 648 F. App'x 828 (11th Cir. 2016) (The 11th Circuit affirmed the district court's denial of further extensions of time after the *pro se* plaintiff was given multiple extensions, totaling approximately two months' time).

---

[16] Id.

13. In the alternative, should the Court be inclined to grant Plaintiff's motion for an extension of time, NaphCare respectfully requests that discovery be stayed pending resolution of the pending motions to dismiss. NaphCare further requests that the Rule 26(f) conference deadline be extended, with initial disclosures likewise deferred, and proposes that the Rule 26(f) conference occur fourteen (14) days after the Court rules on the motions to dismiss.

WHEREFORE, Defendant NaphCare, Inc. requests Plaintiff's Motion for Extension of Time be denied, or in the alternative, that discovery be stayed until resolution of the pending motions to dismiss currently before the Court, and further requests that the Rule 26(f) conference deadline be extended with the initial disclosures likewise deferred.

Respectfully submitted,

*s/ Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
Blackstone Trial Group
1200 Corporate Dr., Suite 425
Birmingham, Alabama 35242
Telephone: (2659) 241-4619
E-mail:  jessica@blackstonetrial.com
*Counsel for Defendant, NaphCare Alabama LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing with the CM/ECF system, which will send electronic notification of such filing to the following:

Sam Harton
Romanucci and Blandin, LLC
321 N. Clark St.
Chicago, IL 60654
Email:sharton@rblaw.net

Aaron Maples
Maples, Connick & Brendel, LLC
411 St. Francis St., Ste. B
Mobile, AL 36602
Email: aaron@maplesconnick.com
*Attorneys for Plaintiff*

Breanne Zarzour
Ross Dockins
PHELPS DUNBAR LLP
P.O. Box 2727
Mobile, AL 36652
Email: Brie.Zarzour@phelps.com
Email: Ross.Dockins@phelps.com
*Attorneys for Katie Erikson*

*s/Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
OF COUNSEL

7