# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| TRACY MURRILL, AS PERSONAL REPRESENTATIVE OF ROBERT VINCENT LOCKE, DECEASED<br><br>    Plaintiff,<br><br>v.<br><br>NAPHCARE, INC., MOBILE COUNTY, SHERIFF PAUL BURCH, KATIE ERICKSON ET AL.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CASE NO.: 1:26-cv-00017-KD-N**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT NAPHCARE ALABAMA LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW NaphCare Alabama LLC and opposes Plaintiff's Motion for Leave to Amend her Complaint to add additional entities. (Docs. 34;34-1). As grounds, NaphCare states:

### INTRODUCTION

NaphCare Alabama LLC has appeared and actively litigated this matter as the correct Defendant since the outset of this litigation. Plaintiff's motion for leave to amend seeks to add three entities that have no role in this case – NaphCare LLC (f/k/a NaphCare, Inc.), a wholly owned subsidiary of NaphCare Operating LLC (f/k/a NaphCare US, Inc.), and the ultimate parent entity in the corporate chain

1

NaphCare US TX LLC (f/k/a NaphCare US DE, LLC). As NaphCare Alabama LLC's Corporate Disclosure Statement indicated, the Agreement and Plan of Merger expressly allocated all claims and liabilities arising from the Health Services Agreement to NaphCare Alabama LLC, leaving NaphCare LLC with no nexus to this litigation. As to NaphCare Operating LLC and NaphCare US TX LLC, there is no basis to add them as parties.[1] The proposed First Amended Complaint pleads no facts establishing liability against either entity under Alabama law. NaphCare Alabama LLC has unequivocally identified itself as the appropriate entity in multiple pleadings. As such, the proposed amendment as to all three entities is futile and should be denied.

## BACKGROUND

1.     Plaintiff's initial Complaint named NaphCare, Inc. as the NaphCare entity responsible for providing healthcare services at the Mobile County Metro Jail ("MCMJ") pursuant to a Health Services Agreement between NaphCare, Mobile County, and the Sheriff.[2]

---

[1] The motion for leave also seeks to amend to name Katie Holder versus Katie Erikson, however Erikson's counsel already confirmed by separate filing Erikson is her correct name, which was misspelled initially as Erickson. See Doc. 25.

[2] Doc. 1, ¶ 17.

2.      NaphCare Alabama LLC initially appeared as the correct NaphCare Defendant when it moved to dismiss the initial Complaint and filed its initial and amended Rule 7.1 Corporate Disclosure Statements.[3]

3.      NaphCare Alabama LLC's motion to dismiss explicitly and in great detail indicated:

> NaphCare, Inc., an Alabama corporation, converted to NaphCare LLC, a Texas limited liability company, on October 17, 2025.  Thereafter, NaphCare Alabama LLC was formed by the divisive merger of NaphCare LLC on January 28, 2026.  In the Agreement and Plan of Merger that created NaphCare Alabama LLC, the Health Services Agreement between Mobile County, AL, the Sheriff of Mobile County, AL, and NaphCare, Inc. (the "Agreement"), along with "[a]ny and all claims or liabilities arising from [the Agreement], the services provided pursuant to [the Agreement] (including any and all active claims and lawsuits … and any other potential claims or liabilities, known or unknown, whether asserted at the time of the Merger or not, including any not specifically listed herein" was allocated to NaphCare Alabama LLC. Accordingly, NaphCare Alabama LLC is the correct defendant to this lawsuit alleging claims arising from the healthcare services provided at the Mobile County Metro Jail pursuant to the Agreement.[4]

4.      The Corporate Disclosure Statements further identified the corporate structure confirming NaphCare Alabama LLC's status as the correct defendant: NaphCare Alabama LLC, recently formed from the divisive merger of NaphCare LLC, f/k/a NaphCare, Inc., is a wholly owned subsidiary of NaphCare Operating LLC, f/k/a NaphCare US, Inc., which is a wholly owned subsidiary of NaphCare US TX LLC, f/k/a NaphCare US DE, LLC.[5]

---

[3] Docs. 7-8, 9, 15.
[4] Doc. 8, at FN#1.
[5] Docs. 9, 15.

5.      Plaintiff now seeks to add NaphCare LLC, NaphCare Operating, LLC, and NaphCare US TX LLC but alleges no facts attributing any conduct or nexus to the healthcare services provided at MCMJ to any of those entities generally or for this particular patient, Robert Locke.[6] None of these entities were party to the Health Service Agreements nor did they have any role in the provision of healthcare services at MCMJ.[7]

## ARGUMENT

### I.      The proposed amendment is futile as to all three entities.

While Courts have great discretion in allowing amendments, a motion for leave to amend such as Plaintiff's "may appropriately be denied…where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is futile when the complaint as amended would still be properly dismissed. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

NaphCare LLC is the entity into which NaphCare, Inc. converted on October 17, 2025, and is a wholly owned subsidiary of NaphCare Operating LLC. It is not, however, the entity that bears liability for claims arising from the Health Services Agreement. By the express terms of the Agreement and Plan of Merger, all claims and liabilities arising from the Agreement—including all active and potential claims,

---

[6] Docs. 34; 34-1.

[7] Doc. 7, FN#1; It's also worth noting that Plaintiff's proposed Amendment incorrectly refers to NaphCare US TX, Inc., which is an incorrectly named non-existent entity; see Doc. 34 ¶ 17.

known or unknown—were allocated exclusively to NaphCare Alabama LLC upon the divisive merger of NaphCare LLC on January 28, 2026.[8] NaphCare LLC has no remaining or contractual liability relevant to this case and as such the proposed amendment as to NaphCare LLC is futile. Plaintiff's sole factual basis in paragraph 17 of the proposed Amended Complaint that liability "extend[s] to its parent companies, subsidiaries, and affiliated entities." A generic catchall allegation sweeping in all corporate affiliates is not a substitute for factual allegations connecting NaphCare LLC to the claims at issue. It does not establish any nexus between NaphCare LLC and the provision of healthcare services at MCMJ, and it does not come close to satisfying the pleading standard required to support a veil-piercing theory even if applicable here.

NaphCare Operating LLC is a wholly owned subsidiary of NaphCare US TX LLC and the direct parent of both NaphCare LLC and NaphCare Alabama LLC.  It occupies an intermediate position in the corporate ownership chain. NaphCare US TX LLC is the ultimate parent entity in the corporate chain. Both entities are identified in the proposed Amended Complaint solely by their positions in the corporate ownership structure. Plaintiff does not make a single allegation that NaphCare Operating LLC or NaphCare US TX LLC was involved in the provision of the healthcare services at MCMJ, employed any individual defendant, or was a

---

[8] SOF ¶ 3.

party to the Health Services Agreement governing those services. These entities are named for no reason other than their position in the corporate ownership chain.[9] Further, the proposed Amended Complaint is devoid of facts suggesting that either entity had any involvement in the events giving rise to the claims in this case.[10] Rather, all factual allegations concerning NaphCare's conduct relates to it as the entity providing healthcare services pursuant to the agreement, which is NaphCare Alabama LLC.[11]

Plaintiff doesn't even make a facial argument to establish parent liability by piercing the corporate veil, which is the only basis to add NaphCare US TX LLC as a party. A parent corporation such as NaphCare US TX LLC is a distinct legal entity that is not liable for the acts of its subsidiaries absent piercing the corporate veil. *In re Birmingham Asbestos Litig.*, 997 F.2d 827, 829-830 (11th Cir. 1993). To pierce the veil, Plaintiff must establish that the subsidiary was a mere instrumentality or alter ego of the parent and that recognizing the corporate form would produce fraud or inequitable consequences. *Whatley v. Merit Distrib. Servs.*, 2001 U.S. Dist. LEXIS 2744 at *8-9 (S.D. Ala. Feb. 5, 2001). Mere ownership or position in a corporate ownership chain is insufficient. *Id.* at *12-13; *In re Birmingham Asbestos*

---

[9] Generally, Doc. 34-1. Plaintiff's proposed Amended Complaint erroneously states these entities contracted with MCMJ to provide healthcare services. (See Doc. 34-1 ¶ 17).
[10] Id.
[11] Id.

*Litig.*, 997 F.2d at 829-830 (affirming dismissal of a parent where plaintiff relied solely on ownership and control).

Plaintiff's proposed Amended Complaint lacks facts to satisfy any element required to pierce the corporate veil. There are no allegations of common management, intermingled finances, shared employees, disregard of corporate formalities, or any inequitable consequence from recognizing NaphCare US TX LLC as an entity distinct from NaphCare Alabama LLC.[12] Plaintiff's sole basis for naming NaphCare US TX LLC is its position as the ultimate parent entity in the corporate ownership chain—a basis Alabama law categorically rejects. *Id.* The amendment as to NaphCare US TX LLC would not survive a motion to dismiss and is therefore futile. This deficiency is further underscored by the fact that NaphCare Alabama LLC has been in existence since January 28, 2026 – less than three months at the time of this filing. The factors required to pierce the corporate veil contemplate a sustained pattern of conduct between entities over time. Plaintiff cannot plead what does not exist.

## II.    The relation back doctrine is inapplicable.

Finally, Plaintiff argues that the amendment relates back under Rule 15(c) because the proposed new entities knew or should have known they would have been sued but for a mistake concerning NaphCare's corporate identity. This argument fails

---

[12] Id.

7

for two independent reasons. First, the statute of limitations is implicated here. Mr. Locke died on April 24, 2024, and the two-year limitations period expires April 24, 2026. *See Long v. Hodges*, 539 So. 2d 238, 239–40 (Ala. 1989). To the extent the proposed Amended Complaint is not deemed filed until the Court rules on this motion, the limitations period will have expired, making relation back directly at issue.

Second, adding these three entities does not correct a mistake of identity—it reflects a deliberate decision to expand the defendant pool after NaphCare Alabama LLC disclosed the full corporate structure. Rule 15(c)(1)(C) permits relation back only where the amendment corrects a mistake concerning the identity of the proper party, not where a plaintiff adds new parties based on information obtained during litigation. *Powers v. Graff*, 148 F.3d 1223, 1226–27 (11th Cir. 1998). As the Eleventh Circuit has held, "[e]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset." *Id.* at 1227. The original complaint named "NaphCare U.S., Inc. d/b/a NaphCare, Inc." as the NaphCare defendant—a deliberate choice reflecting plaintiff's understanding of the entity responsible for MCMJ healthcare. Using NaphCare Alabama LLC's own corporate disclosures to identify and add three additional entities is not a mistake correction; it is strategic expansion that Rule 15(c) does not permit. *Id.* at 1227–28.

Plaintiff's reliance on *Kilpatrick* does not compel a different result.    In *Kilpatrick*, the plaintiff erroneously named a non-suable entity—the Lauderdale County Sheriff's Department—when she should have named the individual officers who ran it, and the same attorney representing the original defendant appeared on behalf of the newly named defendants, confirming they had actual notice of the claims. *Kilpatrick*, 2020 WL 6937843, at *7–8, 10-14.  That is a textbook mistake-of-identity correction: the plaintiff identified the wrong legal form for the same operational actor.  Here, the circumstances are fundamentally different.  NaphCare Alabama LLC—the correct defendant—has been in this litigation from the outset, appearing and litigating under its correct name.  There is no misidentified operational actor to correct.  Plaintiff is not substituting the right entity for the wrong one; she is attempting to add entities up and down a corporate ownership chain that have no operational connection to the healthcare services at MCMJ. *Kilpatrick* does not support that result, as such the proposed Amended Complaint cannot relate back to the initial pleading.

## <u>CONCLUSION</u>

NaphCare Alabama LLC initially appeared, moved to dismiss, and filed its corporate disclosure statements as the correct defendant in this matter. The proposed amendment seeks to add three entities – NaphCare LLC, NaphCare Operating LLC, and NaphCare US TX LLC – none of which is a party to the Health Services

Agreement and none of which had any role in the provision of healthcare services at MCMJ. The proposed Amended Complaint pled no facts establishing liability against any of the entities under Alabama law, and the proposed amendment is futile as to all three. NaphCare Alabama LLC respectfully requests the Court to deny Plaintiff's Motion for Leave to amend her Complaint based on the foregoing.

Respectfully submitted,

*s/ Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
Blackstone Trial Group
1200 Corporate Dr., Suite 425
Birmingham, Alabama 35242
Telephone: (2659) 241-4619
E-mail:  jessica@blackstonetrial.com
*Counsel for Defendant, NaphCare Alabama LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the CM/ECF system, which will send electronic notification of such filing to the following:

Sam Harton
Romanucci and Blandin, LLC
321 N. Clark St.
Chicago, IL 60654
Email:sharton@rblaw.net

Aaron Maples
Maples, Connick & Brendel, LLC
411 St. Francis St., Ste. B
Mobile, AL 36602
Email: aaron@maplesconnick.com
*Attorneys for Plaintiff*

Breanne Zarzour
Ross Dockins
PHELPS DUNBAR LLP
P.O. Box 2727
Mobile, AL 36652
Email: Brie.Zarzour@phelps.com
Email: Ross.Dockins@phelps.com
*Attorneys for Katie Erikson*

*s/Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
OF COUNSEL

11