**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| Tracy Murrill, as Personal Representative of Robert Vincent Locke, deceased, <br><br>     Plaintiffs, <br><br>     v. <br><br> NaphCare, Inc., Mobile County, Sheriff Paul Burch, Katie Erickson, and John Does 1-10 <br><br>     Defendants. | 1:26-cv-00017-KD-N |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
THE COMPLAINT**

NaphCare Alabama LLC's opposition (Doc. 39) misstates the standard for futility, asks this Court to resolve disputed factual and legal questions on a Rule 15 motion, and ignores the actual allegations of the proposed First Amended Complaint. Each error independently counsels that Plaintiff's Motion to Amend (Doc. 34) be granted.

    **I.**     **NaphCare misstates the futility standard.**

NaphCare recites the basic principle that a futile amendment may be denied (Doc. 39 at 4), but ignores the demanding standard governing futility analysis at the Rule 15 stage. Rule 15(a)(2) directs that leave "should be freely given when justice so requires." Consistent with that command, "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or

1

frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D.

Fla. 1995); *accord ZP No. 314, LLC v. ILM Cap., LLC*, No. CV 16-00521-B, 2017 WL

11444383, at *2 (S.D. Ala. Mar. 30, 2017); *Action Nissan, Inc. v. Hyundai Motor Am.

Corp.*, No. 6:21-CV-2152-WWB-EJK, 2023 WL 12236799, at *1 (M.D. Fla. July 28,

2023). Where "the complexity of the arguments advanced by counsel on both sides"

demonstrates that the issue is "not obviously frivolous," denial of leave on futility

grounds is reversible error. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th

Cir. 1986); *see Taylor*, 875 F. Supp. at 815 (citing *Johnson*).

The reason for this stringent standard is straightforward. A Rule 15 motion

is not the proper vehicle for adjudicating the merits of allegations in the new

proposed complaint; that is the role of a Rule 12(b)(6) motion or, after discovery, a

motion for summary judgment. Denial of futility is improper "where determination

of a complex factual inquiry is required," *Taylor*, 875 F. Supp. at 815, and

arguments opposing amendment are "better suited for dispositive motions to permit

both sides to fully develop and respond to arguments." *Action Nissan*, 2023 WL

12236799, at *1.

## II.    NaphCare's own brief confirms the amendment is not facially frivolous.

The strongest evidence that Plaintiff's proposed amendment is not "clearly

insufficient or frivolous on its face" is NaphCare's opposition itself. NaphCare

requires nearly ten pages—citing case law, parsing an Agreement and Plan of

Merger (the details of which are set out in NaphCare's motion but never alleged in

the proposed amended complaint), walking through a four-tier corporate ownership

2

chain, and invoking Alabama veil-piercing doctrine—to explain why three of the four NaphCare entities supposedly cannot be liable. That is the antithesis of facial frivolity.

NaphCare asks this Court to accept, on a Rule 15 motion and without record evidence, that a "divisive merger" executed January 28, 2026—nearly two years after Mr. Locke's death—conclusively transferred all liability to a newly-created LLC formed expressly to receive those liabilities; to construe the terms of a merger agreement not before the Court; and to resolve, without discovery, whether Plaintiff can satisfy Alabama's veil-piercing standard, an inquiry NaphCare itself acknowledges depends on facts about "common management, intermingled finances, shared employees, [and] disregard of corporate formalities" (Doc. 39 at 7) uniquely within NaphCare's possession. This is precisely the fact-bound inquiry *Taylor* identifies as inappropriate at the Rule 15 stage. NaphCare engaged in a multi-step pre-litigation restructuring using a corporate device that "Alabama law appears silent on" (Doc. 34 at 3 n.1), spawning four entities, and now seeks to leverage that complexity to bar Plaintiff from naming any of them. Whether that restructuring achieves the legal effect NaphCare claims is a serious, contested question for proper procedural channels.  It is not for Rule 15.

III.   **Futility analysis must be confined to the pleading, and NaphCare Plaintiff's actual allegations.**

The futility inquiry, like Rule 12(b)(6) analysis, must be confined to the four corners of the proposed pleading, accepting well-pleaded allegations as true and drawing inferences in Plaintiff's favor. *See, e.g., Seneca Ins. Co. v. Hanover Ins. Co.,*

3

No. CV1606756BROJCX, 2017 WL 10434402, at *7 (C.D. Cal. Aug. 30, 2017) (explaining that "[a]t [the Rule 15] stage, as in a motion to dismiss, the Court is confined to the four corners of the proposed complaint . . . ." while also noting Rule 15's more forgiving standard). Paragraph 17 of the proposed Amended Complaint expressly alleges that the NaphCare entities "contracted with Defendants Mobile County and Sheriff Paul Burch to provide medical care to inmates at the Mobile County Metro Jail (MCMJ) and w[ere] the employer of Nurse Practitioner Katie Holder as well as one or more John Doe defendants." (Doc. 34-1 ¶ 17.) Paragraph 17 further extends Plaintiff's allegations to the entities' "parent companies, subsidiaries, and affiliated entities." (*Id.*) The pleading repeatedly alleges that "NaphCare"—defined to include each affiliate—maintained the unconstitutional policies that caused Mr. Locke's death. (*Id.* ¶¶ 3–9, 83–128.)

NaphCare does not engage with these allegations. Instead, it tells a different story drawn entirely from outside the pleading: that Paragraph 17 "erroneously states these entities contracted with MCMJ" (Doc. 39 at 6 n.9); that an unattached merger agreement "expressly allocated all claims and liabilities" to one entity; and that the parents have no operational connection to MCMJ. Every one of those contentions is an extrinsic factual assertion contradicting the pleading. None is properly considered on a Rule 15 motion.

NaphCare's footnote brushing aside Paragraph 17 captures the problem. NaphCare states the allegation is "erroneous[]" (Doc. 39 at 6 n.9). But whether it is erroneous is exactly the kind of factual dispute that cannot be resolved on the

4

pleadings. Whether NaphCare's corporate-form defenses ultimately defeat those allegations turns on facts about corporate relationships uniquely within NaphCare's possession that have not been the subject of any discovery.

NaphCare nowhere explains how the proposed Amended Complaint, *as actually pleaded*, fails to state a colorable claim. That failure is dispositive of the futility inquiry.

## IV.    Relation back is not at issue.

The two-year limitations period expires April 24, 2026; the proposed Amended Complaint was filed April 7, 2026, within that period.[1] (Doc. 34 at 3.) The obvious solution to any timing concern is to grant leave now. In any event, NaphCare's relation-back arguments raise contested fact questions about Plaintiff's knowledge and the application of *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), to a defendant that restructured itself between the wrongful conduct and the lawsuit—questions that cannot be resolved at the Rule 15 stage.

## CONCLUSION

NaphCare's ten-page opposition is the strongest evidence that the proposed amendment is not "clearly insufficient or frivolous on its face." Plaintiff respectfully requests that this Court grant leave to file the proposed First Amended Complaint.

/s/ Sam Harton

---

[1] This Motion for Leave to Amend the Complaint was still pending at the time that the two-year statute of limitations occurred. Out of an abundance of caution and in light of the arguments raised by Defendants in their response brief, Plaintiff filed her Amended Complaint. Doc. 40. Such would ensure that if the Court is inclined to grant Plaintiff's Motion, such an Order would apply *nunc pro tunc* to a timely filed complaint.

5

Romanucci and Blandin, LLC
Sam Harton (*pro hac vice*)
321 N. Clark St.
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sharton@rblaw.net

Aaron Maples
Brendan Connick
Maples & Connick
733 Dante Street, Suite H
New Orleans, LA 70118
Tel: 504-269-3870
aaron@maplesconnick.com
brendan@maplesconnick.com