**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| **Tracy Murrill, as Personal Representative of Robert Vincent Locke, deceased,** | * * * * | |
| **Plaintiff,** | * * | |
| **v.** | * * | **Case No. 1:26-cv-00017-KD-N** |
| **NaphCare Alabama LLC, NaphCare LLC f/k/a NaphCare, Inc., NaphCare Operating, LLC f/k/a NaphCare US Inc., LLC, NaphCare US TX LLC f/k/a NaphCare DE, LLC, Mobile County, Sheriff Paul Burch, Katie Holder, and John Does 1-10,** | * * * * * * * * | |
| **Defendants.** | * | |

---

**DEFENDANT MOBILE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

COMES NOW Defendant Mobile County ("Defendant," "Mobile County," and/or "County"), by and through undersigned counsel and pursuant to the *Federal Rules of Civil Procedure*, and responds to the Plaintiff's First Amended Complaint as follows:

## ANSWER

## FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 1 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

2. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 2 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

3. Defendant Mobile County denies the allegations of Paragraph 3 of Plaintiff's First Amended Complaint and demands strict proof thereof.

4. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 4 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

5. Defendant Mobile County denies the allegations of Paragraph 5 of Plaintiff's First Amended Complaint and demands strict proof thereof.

6. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 6 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

7. Defendant Mobile County denies the allegations of Paragraph 7 of Plaintiff's First Amended Complaint and demands strict proof thereof.

8. Defendant Mobile County denies the allegations of Paragraph 8 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

9. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 9 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## II. JURISDICTION

10. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 10 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

11. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

12. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## III. PARTIES

13. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 13 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

14. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 14 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

15. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 15 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

16. Defendant Mobile County denies the allegations of Paragraph 16 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

17. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

18. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 18 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

19. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 19 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

20. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## IV. FACTS COMMON TO ALL COUNTS

### A. Mr. Locke's detention at Mobile County Metro Jail[1]

21. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

22. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

23. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

24. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

[1] The numbered and lettered subtitles of Plaintiff's Complaint which are copied in the County's Answer are done for organizational purposes only and do not appear to require a response, but to the extent this subtitle requires a response, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations contained therein and demands strict proof thereof.

25. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

26. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

27. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

28. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

29. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 29 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

30. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

31. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

32. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

33. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 33 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

34. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

35. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 35 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

36. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 36 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

37. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

38. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 38 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

39. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 39 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

40. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 40 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

41. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 41 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

42. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 42 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

43. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 43 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

44. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 44 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

45. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 45 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

46. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 46 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

47. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 47 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

48. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 48 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

49. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 49 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

50. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 50 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

51. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 51 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

52. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 52 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

53. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 53 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

54. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 54 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

55. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 55 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

56. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 56 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

57. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 57 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

58. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 58 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

59. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 59 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

60. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 60 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

61. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 61 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

62. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 62 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

63. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 63 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

64. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 64 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

65. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 65 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

66. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 66 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

67. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 67 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

68. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 68 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

69. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 69 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

70. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 70 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

71. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 71 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

72. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 72 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

73. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 73 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

74. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 74 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

75. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 75 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

76. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 76 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

77. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 77 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

78. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 78 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

79. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 79 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

80. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 80 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

81. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 81 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

82. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 82 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

**B. NaphCare is known to provide unconstitutional and inadequate medical care pursuant to unsafe policies and practices.[2]**

83. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 83 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

84. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 84 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

85. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 85 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

86. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 86 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

87. Defendant Mobile County denies the allegations of Paragraph 87 of Plaintiff's First Amended Complaint and demands strict proof thereof.

[2] *See supra* note 1.

88. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 88 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

89. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 89 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

90. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 90 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

91. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 91 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

92. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 92 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

93. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 93 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

94. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 94 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

95. Defendant Mobile County denies the allegations of Paragraph 95 of Plaintiff's First Amended Complaint and demands strict proof thereof.

**C. NaphCare's unconstitutional policies are demonstrably dangerous.**[3]

96. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 96 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

97. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 97 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

98. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 98 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

99. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 99 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

100. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 100 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

101. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 101 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

102. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 102 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

[3] *See supra* note 1.

103. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 103 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

104. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 104 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

105. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 105 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

106. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 106 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

107. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 107 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

108. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 108 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

109. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 109 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

110. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 110 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

### D. NaphCare's unconstitutional policies and practices are driven by profit motive.[4]

111. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 111 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

112. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 112 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

113. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 113 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

114. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 114 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

115. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 115 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

116. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 116 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

117. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 117 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

---

[4] *See supra* note 1.

118. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 118 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

119. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 119 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

120. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 120 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

121. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 121 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

122. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 122 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

123. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 123 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

124. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 124 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

125. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 125 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

126. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 126 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

127. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 127 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

128. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 128 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

**E. Mobile County and Sheriff Paul Burch breached their non-delegable duty to provide inmates with adequate medical care.**[5]

129. Defendant Mobile County denies the allegations of Paragraph 129 of Plaintiff's First Amended Complaint and demands strict proof thereof.

130. Defendant Mobile County denies the allegations of Paragraph 130 of Plaintiff's First Amended Complaint as stated and therefore denies the same and demands strict proof thereof.

131. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 131 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

132. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 132 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

---

[5] *See supra* note 1.

133. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 133 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

***i. Mobile County and Sheriff Burch are aware of the many problems and dangers that exist in the Mobile County Metro Jail.***[6]

134. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 134 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

135. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 135 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

136. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 136 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

137. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 137 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

138. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 138 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

139. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 139 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

[6] *See supra* note 1.

140. Defendant Mobile County denies the allegations of Paragraph 140 of Plaintiff's First Amended Complaint as stated and therefore denies the same and demands strict proof thereof.

141. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 141 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

142. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 142 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

143. Defendant Mobile County denies the allegations of Paragraph 143 of Plaintiff's First Amended Complaint and demands strict proof thereof.

144. Defendant Mobile County denies the allegations of Paragraph 144 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

145. Defendant Mobile County denies the allegations of Paragraph 145 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

146. Defendant Mobile County denies the allegations of Paragraph 146 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

147. Defendant Mobile County denies the allegations of Paragraph 147 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

148. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 148 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

149. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 149 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

150. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 150 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

151. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 151 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

152. Defendant Mobile County denies the allegations of Paragraph 152 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

153. Defendant Mobile County denies the allegations of Paragraph 153 of Plaintiff's First Amended Complaint and demands strict proof thereof.

***ii. Mobile County and Sheriff Burch continue to fund and maintain the contracts with NaphCare, despite the evident risks.[7]***

154. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 154 of Plaintiff's First Amended Complaint as stated and therefore denies the same and demands strict proof thereof.

155. Defendant Mobile County denies the allegations of Paragraph 155 of Plaintiff's First Amended Complaint and demands strict proof thereof.

156. Defendant Mobile County denies the allegations of Paragraph 156 of Plaintiff's First Amended Complaint and demands strict proof thereof.

157. Defendant Mobile County denies the allegations of Paragraph 157 of Plaintiff's First Amended Complaint and demands strict proof thereof.

158. Defendant Mobile County denies the allegations of Paragraph 158 of Plaintiff's First Amended Complaint and demands strict proof thereof.

[7] *See supra* note 1.

159. Defendant Mobile County denies the allegations of Paragraph 159 of Plaintiff's First Amended Complaint and demands strict proof thereof.

160. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 160 of Plaintiff's First Amended Complaint as stated and therefore denies the same and demands strict proof thereof.

161. Defendant Mobile County denies the allegations of Paragraph 161 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

**2019**

162. Defendant Mobile County denies the allegations of Paragraph 162 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

163. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 163 of Plaintiff's First Amended Complaint as stated and therefore denies the same and demands strict proof thereof.

**2020**

164. Defendant Mobile County denies the allegations of Paragraph 164 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

165. Defendant Mobile County denies the allegations of Paragraph 165 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

166. Defendant Mobile County denies the allegations of Paragraph 166 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

167. Defendant Mobile County denies the allegations of Paragraph 167 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

168. Defendant Mobile County denies the allegations of Paragraph 168 of Plaintiff's First Amended Complaint and demands strict proof thereof.

169. Defendant Mobile County denies the allegations of Paragraph 169 of Plaintiff's First Amended Complaint and demands strict proof thereof.

170. Defendant Mobile County denies the allegations of Paragraph 170 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

171. Defendant Mobile County denies the allegations of Paragraph 171 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

172. Defendant Mobile County denies the allegations of Paragraph 172 of Plaintiff's First Amended Complaint and demands strict proof thereof.

173. Defendant Mobile County denies the allegations of Paragraph 173 of Plaintiff's First Amended Complaint and demands strict proof thereof.

174. Defendant Mobile County denies the allegations of Paragraph 174 of Plaintiff's First Amended Complaint and demands strict proof thereof.

175. Defendant Mobile County denies the allegations of Paragraph 175 of Plaintiff's First Amended Complaint and demands strict proof thereof.

176. Defendant Mobile County denies the allegations of Paragraph 176 of Plaintiff's First Amended Complaint and demands strict proof thereof.

177. Defendant Mobile County denies the allegations of Paragraph 177 of Plaintiff's First Amended Complaint and demands strict proof thereof.

**2021**

178. Defendant Mobile County denies the allegations of Paragraph 178 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

179. Defendant Mobile County denies the allegations of Paragraph 179 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

**2022**

180. Defendant Mobile County denies the allegations of Paragraph 180 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

181. Defendant Mobile County denies the allegations of Paragraph 181 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

**2023**

182. Defendant Mobile County denies the allegations of Paragraph 182 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

*******

183. Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 183 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

184. Defendant Mobile County denies the allegations of Paragraph 184 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

## CAUSES OF ACTION

### I. Section 1983 – Violations of the Fourteenth Amendment to the U.S. Constitution

#### A. Plaintiff v. Mobile County, Sheriff Paul Burch in his official capacity, and NaphCare (*Monell*)

185. Defendant Mobile County incorporates its responses to Paragraphs 1-184 as if fully restated herein.

186. Defendant Mobile County denies the allegations of Paragraph 186 of Plaintiff's First Amended Complaint and demands strict proof thereof.

187. Defendant Mobile County denies the allegations of Paragraph 187 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

188. Defendant Mobile County denies the allegations of Paragraph 188 of Plaintiff's First Amended Complaint and demands strict proof thereof.

189. Defendant Mobile County denies the allegations of Paragraph 189 of Plaintiff's First Amended Complaint and demands strict proof thereof.

190. Defendant Mobile County denies the allegations of Paragraph 190 of Plaintiff's First Amended Complaint and demands strict proof thereof.

191. Defendant Mobile County denies the allegations of Paragraph 191 of Plaintiff's First Amended Complaint and demands strict proof thereof.

192. Defendant Mobile County denies the allegations of Paragraph 192 of Plaintiff's First Amended Complaint and demands strict proof thereof.

193. Defendant Mobile County denies the allegations of Paragraph 193 of Plaintiff's First Amended Complaint and demands strict proof thereof.

194. Defendant Mobile County denies the allegations of Paragraph 194 of Plaintiff's First Amended Complaint and demands strict proof thereof.

195. Defendant Mobile County denies the allegations of Paragraph 195 of Plaintiff's First Amended Complaint and demands strict proof thereof.

**B. All Plaintiffs v. Sheriff Paul Burch in his individual capacity (Supervisory Liability)**

196. Defendant Mobile County incorporates its responses to Paragraphs 1-184 as if fully restated herein.

197. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of

Paragraph 197 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

198. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 198 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

199. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 199 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

200. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 200 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

201. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 201 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

202. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County,

Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 202 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

203. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 203 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

**C. Plaintiff v. Katie Holder, John Does 1-10 (Deliberate Indifference to a Serious Medical Need)**

204. Defendant Mobile County incorporates its responses to Paragraphs 1-184 as if fully restated herein.

205. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 205 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

206. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 206 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

207. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County,

Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 207 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

208. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 208 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

209. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 209 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

210. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 210 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## II. Negligence

### A. Plaintiff v. NaphCare

211. Defendant Mobile County incorporates its responses to Paragraphs 1-184 as if fully restated herein.

212. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County,

Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 212 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

213. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 213 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

**B. Plaintiff v. the agents and employees of NaphCare**

214. Defendant Mobile County incorporates its responses to Paragraphs 1-184 as if fully restated herein.

215. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 215 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

216. The allegations in this Paragraph do not appear to apply to Defendant Mobile County; however, to the extent that these allegations do apply to Defendant Mobile County, Defendant Mobile County is without sufficient knowledge to admit or deny the allegations of Paragraph 216 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## PRAYER FOR RELIEF

The Paragraph beginning "WHEREFORE" and ending "as this Court deems just and equitable" does not appear to require a response, but to the extent this Paragraph requires a

response, Defendant Mobile County denies the allegations contained therein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. As and for a first affirmative defense, Mobile County alleges Plaintiff's First Amended Complaint herein fails to sufficiently constitute a cause of action and/or fails to state facts upon which a claim may be based.

2. As and for a separate affirmative defense, Mobile County denies each and every material allegation as it relates to the liability and extent of Plaintiff's damages.

3. As and for a separate affirmative defense, Mobile County alleges it is not liable in any manner to Plaintiff regarding the allegations contained in Plaintiff's First Amended Complaint.

4. As and for a separate affirmative defense, Plaintiff's First Amended Complaint fails to state a claim against Mobile County pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. As and for a separate affirmative defense, Mobile County alleges Plaintiff's action is barred by their assumption of the risk.

6. As and for a separate affirmative defense, Mobile County alleges Plaintiff's action is barred by the statute of limitations.

7. As and for a separate affirmative defense, Mobile County alleges Plaintiff lacks standing.

8. As and for a separate affirmative defense, Mobile County alleges Plaintiff is not entitled to recover because the actions of Mobile County did not proximately cause Plaintiff's injuries, and thus there is a lack of any causal connection between the alleged wrongdoing of this defendant with any of the damage claims made by Plaintiff.

9. As and for a separate affirmative defense, Mobile County alleges that Plaintiff was guilty of contributory fault and negligence in the matters alleged in Plaintiff's First Amended Complaint, and such contributory fault and negligence proximately caused the damages complained of therein.

10. As and for a separate affirmative defense, Mobile County alleges the wrongs and damages alleged were caused solely by the acts and/or omissions of persons and/or entities for whom this Defendant is not responsible.

11. As and for a separate affirmative defense, Mobile County alleges that Plaintiff cannot assert a cause of action based on a theory of *respondeat superior* or vicarious liability pursuant to § 1983.

12. As and for a separate affirmative defense, Mobile County states that the injuries suffered by Plaintiff were the result of the acts or omissions of other parties, named or unnamed in this action, for which Mobile County bears no responsibility.

13. As and for a separate affirmative defense, Mobile County states it is entitled to immunity, including but not limited to, sovereign immunity, Eleventh Amendment immunity, good faith immunity, qualified immunity, substantive immunity and statutory immunity.

14. As and for a separate affirmative defense, Mobile County states Plaintiff's constitutional rights were not violated by Mobile County.

15. As and for a separate affirmative defense, Mobile County states that Plaintiff's First Amended Complaint fails to state a cause of action under the Eighth Amendment or Fourteenth Amendment to the United States Constitution.

16. As and for a separate affirmative defense, Mobile County alleges that Plaintiff has failed to plead facts which would form the basis for finding Mobile County violated the Plaintiff's constitutional rights pursuant to § 1983.

17. As and for a separate affirmative defense, Mobile County alleges any funding provided by Mobile County to the Mobile County Metro Jail ("MCMJ") and/or Mobile County Sheriff's Department is appropriate and adequate pursuant to all applicable statutory and constitutional requirements.

18. As and for a separate affirmative defense, Mobile County states it properly funded the MCMJ as specifically set forth by all statutory and constitutional provisions.

19. As and for a separate affirmative defense, Mobile County alleges that Plaintiff failed to plead facts constituting a custom or policy of Mobile County.

20. As and for a separate affirmative defense, Mobile County alleges that Plaintiff failed to plead facts constituting a custom or policy of Mobile County which constitutes deliberate indifference.

21. As and for a separate affirmative defense, Mobile County alleges the actions it took were reasonable and in good faith reliance.

22. As and for a separate affirmative defense, Mobile County alleges that a county may only be liable under 42 U.S.C § 1983 "for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered[,]'" and Defendant is not responsible for, nor did it authorize, the actions alleged in Plaintiff's First Amended Complaint. *Turquitt v. Jefferson Cnty.*, Ala., 137 F.3d 1285, 1287 (11th Cir. 1998) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986)).

23. As and for a separate affirmative defense, Mobile County alleges it did not "speak with final policymaking authority for the" sheriff concerning the acts alleged herein. *Turquitt*, 137 F.3d at 1287 (citing *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d 1 (1997) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989))).

24. As and for a separate affirmative defense, Mobile County claims the benefits and limitations of the Alabama Medical Liability Act of 1987, 1996, including § 6-5-540 through § 6-5-552.

25. As and for a separate affirmative defense, Mobile County denies all allegations of agency and denies that the Plaintiff is entitled to recover damages against it pursuant to theories of respondeat superior, vicarious liability, non-delegable duty, imputed negligence, or any other theory of agency.

26. As and for a separate affirmative defense, Mobile County avers that the Plaintiff's claims are barred in whole or in part by the medical releases executed or given with the medical treatment at issue.

27. As and for a separate affirmative defense, Mobile County expressly denies exercising, or having the right to exercise, control, whether direct or indirect, over any physician or nurse practitioner named, or to be named in the Plaintiff's First Amended Complaint.

28. As and for a separate affirmative defense, Mobile County asserts that Plaintiff's claims are barred based on the requirements of the Prison Litigation Reform Act.

29. As and for a separate affirmative defense, Mobile County asserts all statutory and the common law immunity.

30. As and for a separate affirmative defense, Mobile County asserts the protections and benefits and immunities under the Alabama and United States Constitutions.

31. As and for a separate affirmative defense, Mobile County claims the protection of all applicable statutory caps on damages.

32. As and for a separate affirmative defense, Mobile County alleges Plaintiff's First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded.

33. As and for a separate affirmative defense, Mobile County alleges Plaintiff's First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded, and asserts herein all constitutional defenses to an award to punitive damages, including those as set forth within Article I, Sections 1, 2, 6, 11, 13, 15, 22, and 35 of the Constitution of the State of Alabama, separately and severally, as well as Article I, Sections 8 and 10, and for the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately and severally, of the Constitution of the United States of America.

34. As and for a separate affirmative defense, Mobile County alleges it is immune from punitive damages pursuant to Ala. Code § 6-11-26 (1975) which states "punitive damages may not be awarded against the State of Alabama or any county or municipality thereof."

35. As and for a separate affirmative defense, Mobile County alleges punitive damages on its face, and/or as applied to this case, are improper under the common law and public policies of the State of Alabama as well as under applicable court rules and statutes for the following reasons, jointly and severally:

a) There are no standards provided, by Federal law or Alabama Law, for the imposition of punitive damages, and therefore, Mobile County has not been put on notice and given the opportunity to anticipate punitive liability, anticipate the potential size of an award, and/or modify or conform its conduct accordingly.

b) Procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

c) There are no provisions or standards for clearing consistent appellate review of any award of punitive damages against Mobile County under present Federal Law or Alabama Law.

d) The standards of conduct upon which punitive damages are sought against Mobile County are vague and ambiguous.

e) The procedures used by courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous.

f) The procedures used by courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is.

g) The procedures under which punitive damages are awarded and instructions used by courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

h) Present law does not provide for sufficiently specific standards to be used by the jury in its deliberations on whether to award punitive damages or the amount to be awarded.

i) Present law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

j) Present law does not provide for adequate and independent review by the trial court and the appellate court of punitive damages a jury imposes or the punitive damages' amount.

k) The present procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against Mobile County.

l) The present procedures may permit the admission of evidence relative to the punitive damages in the same proceedings during which liability is determined.

m) The present procedures permit the imposition of joint and several judgements against multiple co-defendants for different acts or degrees of wrongdoings or culpability.

n) An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized.

o) A punitive damage award violates due process when it is "grossly excessive" in relation to the State's legitimate interest in punishing unlawful conduct and deterring its repetition. *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

p) Mobile County did not receive adequate notice of magnitude of the sanction that the State may impose. *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

q) The conduct of Mobile County was not sufficiently reprehensible to support an award of punitive damages. *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

r) Any award of punitive damages asked on the amount of Plaintiff's alleged compensatory damages would be excessive. *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

s) The conduct of Mobile County was not sufficiently egregious to justify a punitive sanction against it. *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

36. As and for a separate affirmative defense, Mobile County alleges Plaintiff's First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded, to the extent such damages sought are in excess of comparable maximums established by the Alabama Legislature and the Code of Alabama, §§ 13-A-5-11, 13A-5-12, 6-11-20, 6-11-21, 6-11-23, and 6-11-24, as well as the case law directed to punitive damages as set forth not only in

*BMW of North America, Inc., v. Gore*, 517 U. S. 559 (1996), but also *Goodyear Tire and Rubber Co., v. Vinson*, 749 So.2d 393 (Ala. 1999).

37. As and for a separate affirmative defense, to the extent the Court finds punitive damages permissible, which Mobile County denies, Mobile County suggests to this Court that Plaintiff does not have a right to a jury trial with respect to any claim for punitive damages and requests that portion of the case be stricken or severed from the consideration of the jury. In May of 2001, the Supreme Court of the United States released its decision of *Cooper Industries, Inc. v. Leatherman Tool*, 532 U.S. 44 (2001) holding that the amount of punitive damages "is not really a fact `tried' by the jury,'" and the right to jury trial is not implicated, therefore, whereas compensatory damages are "essentially a factual of determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The Court cited the 8th Amendment and explained that the constitutional excessiveness protection applies to both criminal and civil punishments. Such punishments should be determined by courts as a matter of law, not by juries as a matter of fact.

38. As and for a separate affirmative defense, Mobile County alleges any recovery by Plaintiff must be offset, reduced, abated or apportioned to the extent that the other party or non-party's action caused or contributed to damages, if any.

39. As and for a separate affirmative defense, Mobile County alleges because Plaintiff's First Amended Complaint herein is couched in conclusory terms, Mobile County cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

Respectfully submitted,

*/s/ Garrett Zoghby*________________
JAY M. ROSS (ASB-6378-O69J)
GARRETT ZOGHBY (ASB-7748-H20P)
AVA RINGHOFFER (ASB-1676-K21F)
Adams & Reese, LLP
Post Office Box 1348
Mobile, Alabama 36633
T: (251) 433-3234
jay.ross@arlaw.com
garrett.zoghby@arlaw.com
ava.ringhoffer@arlaw.com
*Attorneys for Defendant Mobile County, Alabama*

**CERTIFICATE OF SERVICE**

I certify that on the 8th of May 2026, I have electronically filed the foregoing with the Clerk of the Court using the Pacer system which will send notification of such filing via email to all counsel and parties of record, including:

Aaron Maples
Maples, Connick & Brendel, LLC
411 St. Francis St., Ste. B
Mobile, Alabama 36602
T: 251-249-7953
F: 504-269-3759
aaron@maplesconnick.com

Sam Harton
Romanucci & Blandin, LLC
321 N Clark St, Suite 900
Chicago, IL 60654
312-253-8590
Email: sharton@rblaw.net
*Attorneys for Plaintiff*

Jessica A. Hornbuckle
Blackstone Trial Group PLLC
1200 Corporate Drive, Suite 425
Birmingham, AL 35242
334-328-5652
Email: jessica@blackstonetrial.com
*Attorneys for Defendant NaphCare U.S., Inc.*

Breanne Zarzour
Ross Dockins
PHELPS DUNBAR LLP
P.O. Box 2727
Mobile, AL 36652
Email: Brie.Zarzour@phelps.com
Email: Ross.Dockins@phelps.com
*Attorneys for Katie Erikson*

*/s/ Garrett Zoghby*
*Attorney for Defendant Mobile County, Alabama*