## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

TRACY MURRILL,                        )
AS PERSONAL                           )
REPRESENTATIVE OF                     )
ROBERT VINCENT LOCKE,                 )
DECEASED                              )
    Plaintiff,                      )
                                    )
v.                                    )
                                    )    **CASE NO.: 1:26-cv-00017-KD-N**
                                    )
NAPHCARE, INC., MOBILE                )
COUNTY, SHERIFF PAUL                  )
BURCH, KATIE ERICKSON                 )
ET AL.                                )
                                    )
    Defendants.                     )

## NAPHCARE ALABAMA LLC AND KATIE ERIKSON HOLDER'S JOINT MOTION TO STAY DISCOVERY

COME NOW Defendants NaphCare Alabama LLC ("NaphCare") and Katie Erikson Holder ("Holder") (collectively, the "Defendants") and respectfully move this Court for a stay of discovery in this matter pending resolution of their respective motions to dismiss (Docs. 7 and 8, PageID.59-83; Doc. 29, PageID.185-187; Docs. 47 and 48, PageID.425-451) pursuant to *Federal Rule of Civil Procedure* 26(c). In support, Defendants state as follows:

1.    Defendants' respective motions to dismiss are fully briefed and ripe for decision.

1

2.      The pending motions raise purely legal challenges to the sufficiency of Plaintiff's *Monell* liability claim, medical negligence claims, and a deliberate indifference claim pursuant to Fed. R. Civ. P. 12(b)(6).

3.      The current discovery deadlines pending in this case consists of the Rule 26(f) report due May 21, 2026, and mandatory disclosures due June 3, 2026 pursuant to Fed. R. Civ. P. 26(a)(1)(C), as the Rule 26(f) conference is scheduled by agreement of the parties for May 20, 2026. Additionally, Plaintiff's motion for leave to amend her Complaint to add three additional NaphCare corporate entities (which is opposed) remains pending and unresolved. (Docs. 34 and 34-1, PageID.209-254; Doc. 39, PageID.291-301; Doc. 42, PageID.349-354). Depending on the Court's ruling, the pleadings and scope of this action may be further altered, compounding the inefficiency of commencing discovery before the Court resolves the threshold legal questions presented by both pending motions.

4.      It is well settled in the Eleventh Circuit that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Because such a challenge "always presents a purely legal question…neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*

2

5.      Granting a discovery stay pending resolution of a motion to dismiss "is a proper exercise" of a district court's case management responsibilities to avoid "massive waste of judicial and private resources..." *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). *Rivas* expressly adopted the *Chudasama* holding motions to dismiss "should, ideally, be resolved before discovery begins" when issuing a discovery stay. *Id.*

6.      Courts in this circuit continue to treat it as "axiomatic that courts need not allow…plaintiffs to make their case through discovery even though the pleading almost certainly failed to state a claim." *Hanover Ins. Co. v. BASF Corp.*, 2019 U.S. Dist. LEXIS 7428 at *16 n. 7 (N.D. Ala. Jan. 15, 2019). *E.g. Inman v. Am. Paramount Fin., Inc.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) (affirming pleading standards of Rule 8(a) and 9(b) "apply before the discovery period begins.").

7.      Allowing discovery to proceed before the Court rules on NaphCare and Holder's respective motions to dismiss would create substantial waste of judicial and private resources as condemned by *Chudasama*. Plaintiff's *Monell* theory invites broad (although not warranted) discovery into NaphCare's corporate policies, staffing practices, financial arrangements, and incident history across dozens of facilities and multiple states. This burden would extend to Defendant Holder, whose alleged involvement is intertwined with Plaintiff's *Monell* theory, thereby subjecting her to expansive and unnecessary discovery despite the threshold legal challenges

3

that may result in her dismissal from the case. Should the Court grant NaphCare's motion, the need for discovery will be entirely unnecessary.

8.     Proceeding with discovery at this stage would also unduly prejudice Defendant Holder. Holder has challenged the legal sufficiency of Plaintiff's claims on grounds that, if granted, would result in her complete dismissal from this action. Requiring Holder to participate in discovery—particularly in a case involving expansive claims and broad institutional allegations—would impose significant and unnecessary burden and expense on a party who may ultimately be dismissed from the case altogether.

9.     Moreover, permitting discovery to proceed before resolution of Holder's motion would undermine the very efficiency interests recognized in *Chudasama* and its progeny. If Holder is dismissed, any discovery conducted as to her would be rendered wholly unnecessary, resulting in avoidable cost and inefficiency to both the parties and the Court.

10.    In contrast, Plaintiff will suffer no meaningful prejudice from a short stay. As set forth above, the requested stay is temporary and will dissolve promptly upon the Court's ruling on the pending motions to dismiss.

WHEREFORE, Defendants respectfully request that the Court enter an Order staying all discovery in this action pending resolution of Defendants motions to dismiss (Docs. 7 and 8, PageID.59-83; Doc. 29, PageID.185-187; Docs. 47 and 48,

PageID.425-451), with the stay to dissolve seven days after the Court's order disposing of those motions, and for such other and further relief to which they may be entitled.

Respectfully submitted,

*s/ Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
Blackstone Trial Group
1200 Corporate Dr., Suite 425
Birmingham, Alabama 35242
Telephone: 659.241.4619
E-mail:  jessica@blackstonetrial.com
*Counsel for Defendant, NaphCare Alabama LLC*


*s/ J. Breanne S. Zarzour (with consent)*
J. Breanne S. Zarzour
Ross A. Dockins
Phelps Dunbar, LLP
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Telephone: 251.432.4481
E-mail: brie.zarzour@phelps.com
          ross.dockins@phelps.com
*Counsel for Defendant, Katie Erickson Holder*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, I electronically filed the foregoing with the CM/ECF system, which will send electronic notification of such filing to the following:

| | |
|---|---|
| Aaron Maples<br>Maples, Connick & Brendel, LLC<br>411 St. Francis St., Ste. B<br>Mobile, AL 36602<br>aaron@maplesconnick.com<br>***Attorneys for Plaintiff*** | Sam Harton<br>Romanucci and Blandin, LLC<br>321 N. Clark St.<br>Chicago, IL 60654<br>sharton@rblaw.net<br>***Attorneys for Plaintiff*** |
| W. Kirkland Mattei<br>Thomas O. Gaillard, III<br>Helmsing, Leach, Herlong, Newman & Rouse, P.C.<br>Post Office Box 2767<br>Mobile, AL 36652<br>wkm@helmsinglaw.com<br>tog@helmsinglaw.com<br>***Attorneys for Defendant Paul Burch*** | Jay M. Ross<br>Garrett Zoghby<br>Ava Ringhoffer<br>Adams & Reese, LLP<br>Post Office Box 1348<br>Mobile, AL 36633<br>jay.ross@arlaw.com<br>garrett.zoghby@arlaw.com<br>ava.ringhoffer@arlaw.com<br>***Attorneys for Defendant Mobile County, Alabama*** |

*s/Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
OF COUNSEL