**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **TRACY MURRILL,** | ) |
| **as personal representative of** | ) |
| **ROBERT VINCENT LOCKE, deceased,** | ) |
|    **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No.: 26-cv-00017-KD-N** |
| | ) |
| **NAPHCARE, Inc., et al.** | ) |
|   **Defendants.** | ) |

## ORDER

This action is before the Court on Plaintiff's Motion for Leave to Amend Complaint and

Defendant NaphCare Alabama LLC's Motion to Strike the Amended Complaint. (Docs. 34, 41).

Upon consideration, and for the reasons below, both motions are **GRANTED**, and Plaintiff is

**ORDERED** to file an amended complaint in compliance with this order.

### I.    Background

On January 26, 2026, Plaintiff Tracy Murrill filed this lawsuit, as personal representative of

Robert Vincent Locke ("Locke"). Plaintiff alleges that Locke died on or about April 24, 2024,

because of the defendants' wrongful conduct during Locke's detainment at the Mobile County

Metro Jail ("MCMJ"). The Complaint lists the following defendants in the case caption: NaphCare,

Inc., Mobile County, Sheriff Paul Burch, Katie Erickson, and John Does 1–10. (Doc. 1 at 1). The

Complaint alleges that the defendants were deliberately indifferent to Locke's medical needs, in

violation of the Fourteenth Amendment (pursuant to 42 U.S.C. § 1983) and in violation of Alabama

law regarding negligence.

The Complaint specifically names the responsible private healthcare contractor as "NaphCare

U.S. Inc. doing business as NaphCare, Inc." (Doc. 1 at 4). However, the Complaint explains that

Plaintiff's "allegations against NaphCare extend to its parent companies, subsidiaries, and

affiliated entities." (Doc. 1 at 4). The Complaint also names the responsible nurse practitioner and NaphCare employee or agent as "Katie Erickson." (Id.).

NaphCare Alabama LLC f/k/a NaphCare, Inc. appeared when it moved to dismiss the Complaint. (Doc. 7). According to NaphCare Alabama LLC's motion to dismiss, NaphCare, Inc. "converted to NaphCare LLC, a Texas limited liability company, on October 17, 2025." (Doc. 7 at 1 n.1). "Thereafter, NaphCare Alabama LLC was formed by the divisive merger of NaphCare LLC on January 28, 2026." (Id.). NaphCare Alabama LLC's motion to dismiss contends that NaphCare Alabama LLC is the correct defendant for the allegations arising from the healthcare services provided at MCMJ. (Id.). This is based on "the Agreement and Plan of Merger that created NaphCare Alabama LLC," which provides:

> "[a]ny and all claims or liabilities arising from [the Agreement], the services provided pursuant to [the Agreement] (including any and all active claims and lawsuits . . . and any other potential claims or liabilities, known or unknown, whether asserted at the time of the Merger or not, including any not specifically listed herein" was allocated to NaphCare Alabama LLC.

(Id.). NaphCare also filed its disclosure statement, which provides:

> NaphCare Alabama LLC, recently formed from the divisive merger of NaphCare LLC, f/k/a NaphCare, Inc., is a wholly owned subsidiary of NaphCare Operating LLC, f/k/a NaphCare US, Inc., which is a wholly owned subsidiary of NaphCare US TX LLC, f/k/a NaphCare US DE, LLC. None of these entities, nor any entity that owns 10% or more of these entities, is publicly traded. NaphCare Alabama LLC's general nature is a private correctional healthcare provider.

(Doc. 15 at 2).

On April 7, 2026, Plaintiff filed a motion to amend the complaint. (Doc. 3). The motion "seeks to substitute the incorrectly named corporate entity—NaphCare Inc.—with the corporate entity into which it converted (NaphCare LLC), a corporate affiliate from which a 'divisive merger' . . . was created (NaphCare Alabama LLC), and the parent companies thereof (NaphCare US TX LLC

& NaphCare Operating LLC).” (Doc. 34 at 3) (footnote omitted). The motion also seeks to identify “Katie Erickson” as “Katie Holder.” (Id. at 1).

On April 20, 2026, NaphCare Alabama LLC filed a response in opposition to the motion for leave to amend. (Doc. 39). The response argues that the proposed amendment is futile as to the three NaphCare entities that Plaintiff seeks to add. The response also argues that the addition of these three entities is barred by the statute of limitations, which expires April 24, 2026. (Id. at 8).

On April 24, 2026, Plaintiff filed her First Amended Complaint without the consent of the opposing parties and without Court approval. (Doc. 40). On April 27, 2026, NaphCare Alabama LLC filed a motion to strike the First Amended Complaint. (Doc. 41). The same day, Plaintiff filed a reply in support of its motion for leave to file the amended complaint. (Doc. 42). The reply argues that the amendment is not futile and that the statute of limitations does not bar the addition of the newly added Defendants. The reply explains that Plaintiff filed the First Amended Complaint without the Court’s approval “[o]ut of an abundance of caution and in light of the arguments raised by Defendants in their response brief.” (Id. at 5 n.1).

## II.    Law

“In general, if an amendment that cannot be made as of right is served without obtaining the court’s leave or the opposing party’s consent, it is without legal effect . . . .” 6 Wright & Miller’s Federal Practice & Procedure § 1484 (3d ed. 2026). When a party seeks to amend his pleading after the time to amend as a matter of course has passed, “a party may amend its pleadings only with the opposing party’s written consent or the court’s leave.” Fed. R. Civ. P. 15(a)(2). “The court should freely give leave when justice so requires.” Id. Under this standard, courts should “liberally grant leave to amend when ‘the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.’” In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting

Foman v. Davis, 371 U.S. 178, 182 (1962)). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330 (1971).

### III.    Motion for Leave to File Amend Complaint

Plaintiff seeks to amend her complaint to change the name of Defendant Katie Erickson to Katie Holder[1] and to "identify NaphCare Alabama LLC as the 'proper' corporate defendant, and also identify two parent companies, NaphCare Operating LLC, and NaphCare US TX LLC, and an affiliated entity NaphCare LLC." (Doc. 34 at 4). Plaintiff's motion was filed after the deadline to amend as a matter of course passed, and Plaintiff did not obtain the opposing parties' consent. Therefore, Plaintiff must satisfy the requirements of Rule 15(a)(2).

Under the Rule 15(a)(2) standard, courts should "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Id. (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Plaintiff argues that her proposed amendments are not futile because (1) the "new" Defendants are being added within the applicable statute of limitations and (2) alternatively, the amended

---

[1] Although NaphCare Alabama LLC disputes that "Holder" is the correct identification, there is no basis for denying the leave to make this name change. The most recent filings on behalf of "Defendant Katie Erickson" show that "Erickson" is the correct spelling and that her name is now "Katie Erickson Holder." (Docs. 21, 47).

pleading should relate back to the original pleading under Rule 15(c). (Doc. 34 at 4). NaphCare Alabama LLC argues that the proposed amendment is futile as to the new Defendants because "the express terms of the Agreement and Plan of Merger" allocates liability for these claims exclusively to NaphCare Alabama LLC. (Doc. 39 at 5). In support, NaphCare Alabama LLC contends that Plaintiff's proposed amended complaint fails to make sufficient allegations of liability against NaphCare LLC (the entity into which NaphCare, Inc. converted), NaphCare Operating LLC (the direct parent of NaphCare LLC and NaphCare Alabama LLC), and NaphCare US TX LLC (the ultimate parent entity in the corporate chain). (Id. at 4–5). NaphCare Alabama LLC argues that the addition of the new Defendants is time-barred by the applicable statute of limitations and that the relation-back doctrine from Rule 15(c) is not applicable because adding the three corporate entities does not correct a mistake of identity. (Id. at 8).

In short, NaphCare Alabama LLC raises two futility issues on the addition of the new NaphCare entities. The first issue is based on substantive liability (*i.e.*, the newly added NaphCare entities cannot be liable because of the Agreement and Plan of Merger and Alabama's corporate-veil doctrine). The second issue is based on procedural liability (*i.e.*, the statute of limitations bars the claims against the newly added NaphCare entities).

### 1.  The substantive liability issue does not justify the denial of leave to amend.

NaphCare Alabama LLC's substantive liability argument is unavailing. NaphCare Alabama LLC argues that the proposed amended complaint is futile because it could not survive a Rule 12(b)(6) motion to dismiss. But "Rule 12(b)(6) empowers dismissal pre-answer, looking only to the complaint to provide the relevant record for the motion. In doing so, the court must accept the plaintiff's factual allegations as true and grant the plaintiff the benefit of all plausible inferences." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 12:49 (2025). If

a party relies on extrinsic evidence on a motion to dismiss, the Court has two options: convert the motion to dismiss into a summary judgment or disregard the material. Gensler, supra at § 12:64. Here, NaphCare Alabama LLC's substantive liability argument relies on the Agreement and Plan of Merger, which is not mentioned in the proposed amended complaint. Essentially, NaphCare Alabama LLC asks the Court to rely on its interpretation of extrinsic material and determine that the proposed amendment could not survive a Rule 12(b)(6) motion to dismiss. This is improper.

Further, the complexity of the substantive liability issue shows that the proposed amended complaint is not frivolous. Plaintiff's reply explains that "[w]here 'the complexity of the arguments advanced by counsel on both sides' demonstrates that the issue is 'not obviously frivolous,' denial of leave on futility grounds is reversible error. Johnson v. Oroweat Foods Co., 785 F.2d 503, 511 (4th Cir. 1986)." (Doc. 42 at 2). Plaintiff argues that the substantive liability issue is complex and does not justify denial of the motion for leave to amend. The Court agrees. The corporate ownership structure of the NaphCare entities is multifaceted, and Alabama's corporate-veil doctrine is a "relatively complex and fact intensive" issue." Wright Therapy Equip., LLC v. Blue Cross & Blue Shield of Alabama, 991 So. 2d 701, 709 (Ala. 2008). As explained by Plaintiff:

> NaphCare asks this Court to accept, on a Rule 15 motion and without record evidence, that a "divisive merger" executed January 28, 2026—nearly two years after Mr. Locke's death—conclusively transferred all liability to a newly-created LLC formed expressly to receive those liabilities; to construe the terms of a merger agreement not before the Court; and to resolve, without discovery, whether Plaintiff can satisfy Alabama's veil-piercing standard, an inquiry NaphCare itself acknowledges depends on facts about "common management, intermingled finances, shared employees, [and] disregard of corporate formalities" (Doc. 39 at 7) uniquely within NaphCare's possession.

(Doc. 42 at 3). In sum, the substantive liability issue does not justify the denial of leave to amend because NaphCare Alabama LLC relies on extrinsic materials and the disputed issue is relatively complex and fact intensive.

### 2.  The procedural liability issue does not justify the denial of leave to amend.

NaphCare Alabama LLC argues that the proposed amendment will not be deemed filed within the statute of limitations and that the proposed amendment cannot relate back under Rule 15(c). In her principal motion, Plaintiff argues that the proposed amendment relates back under Rule 15(c) because the new defendants were added to correct a mistaken identity. (Doc. 34 at 4). In her reply, Plaintiff argues that relation back is not at issue because the proposed amended complaint was filed before the deadline. (Doc. 42 at 5).

As the Court later explains, the First Amended Complaint has no legal effect. If the claims against the newly added defendants are outside the statute of limitations, then the proposed amendments would be futile. "When assessing futility, the court may be required to first determine whether the proposed amendment would relate back under Federal Rule of Civil Procedure 15(c) for statute of limitations purposes." Gensler, supra at § 15:32. "To wit, if the claim to be added relates back to an earlier pleading, and the claim would be timely based on the date of the earlier pleading, then the claim is not futile and the amendment should be allowed." Gensler, supra at § 15:59. "But if the new claim does not relate back, then the court may deny leave to amend the time-barred claim on futility grounds." Id. Therefore, the relation-back rule is at issue.

The question is whether the claims against the newly added parties relate back to the date of the original pleading. Rule 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:"

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Here, Plaintiff's amendment must meet three requirements. *First*, Plaintiff must meet the requirements of Rule 15(c)(1)(B), "meaning that the new claim[s] must arise out of the same conduct, transaction, or occurrence as set forth in the earlier pleading." Gensler, supra at § 15:73. *Second*, the newly added defendants "must have received notice of the action within the period provided by Federal Rule of Civil Procedure 4(m), such that the part[ies] will not be prejudiced in maintaining [their] defense on the merits." Id. (citing Fed. R. Civ. P. 15(c)(1)(C)(i)). *Third*, the newly added defendants "must have known—or should have known—that but for a mistake of identity [they] would have been sued initially." Id. (citing Rule 15(c)(1)(C)(ii)).

On the first requirement, the Court is satisfied that the claims against the newly added defendants "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(2). "The general rule is that [this requirement] is met if the amended claims and the earlier claims share a core of operative facts." Gensler, supra at § 15:69. Here, the claims in the proposed amended complaint involve the same core of operative facts regarding Locke's death, and NaphCare Alabama LLC does not dispute this in its response.

On the second requirement, the Court is satisfied that the newly added defendants received notice of the original lawsuit within Rule 4(m)'s 90-day service deadline. "The notice can be formal or informal." Gensler, supra at § 15:74. "It is sufficient if the new party had constructive notice, such as by having a shared attorney during the notice period or by having a sufficient [identity] of interest." Id. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Wright & Miller, supra at § 1499. "Although the

8

relationship needed to satisfy the identity-of-interest test varies somewhat depending on the underlying facts, some general observations may be made." Id. For example, "[a]n identity of interest has been found between a parent and a wholly owned subsidiary." An "[i]dentity of interest has also been found between past and present forms of the same enterprise." Id. "This typically occurs when plaintiff is unaware of a corporate merger or dissolution and names the nonexistent entity rather than the one actively conducting the business." Id.

Here, Plaintiff seeks to amend her complaint to identify NaphCare Alabama LLC as the proper corporate defendant; to identify two parent companies (NaphCare Operating LLC and NaphCare US TX LLC); and to identify an affiliated entity (NaphCare LLC). NaphCare Alabama LLC explains that NaphCare Operating LLC is "a wholly owned subsidiary of NaphCare US TX LLC and the direct parent of both NaphCare LLC and NaphCare Alabama LLC." (Doc. 39 at 5). NaphCare Alabama LLC also explains that the current corporate structure of these NaphCare entities changed because of a divisive merger on January 28, 2026. (Id.). Based on NaphCare Alabama LLC's articulation of the corporate structure and the apparent merger, the newly added NaphCare entities likely have a sufficient identity of interest. Moreover, NaphCare Alabama LLC responded to the Complaint, even though the NaphCare Alabama LLC was not mentioned. Finally, NaphCare Alabama LLC makes no argument that the newly added NaphCare entities lacked notice of the lawsuit within the 90-day service deadline. Thus, the notice requirements of Rule 15(c)(1)(C)(ii) are satisfied.

The only dispute is on third requirement—whether the newly added defendants knew or should have known that they would have been sued initially but for a mistake of identity. See Rule 15(c)(1)(C)(ii). Plaintiff contends that this requirement is satisfied because all four NaphCare entities are affiliates of the originally sued NaphCare, Inc. (Doc. 34 at 4). NaphCare Alabama LLC

9

argues that the addition of the NaphCare entities "does not correct a mistake of identity," but instead "reflects a deliberate decision to expand the defendant pool after NaphCare Alabama LLC disclosed the full corporate structure." (Doc. 39 at 8). NaphCare Alabama LLC argues that "[t]here is no misidentified operational actor to correct" because it is the "correct defendant." (Id. at 9). According to NaphCare Alabama LLC, "Plaintiff is not substituting the right entity for the wrong one; she is attempting to add entities up and down a corporate ownership chain that have no operational connection to the healthcare services at MCMJ." (Id.).

The Supreme Court has clarified that the "mistake of identity" requirement does not hinge on what the plaintiff "knew or should have known." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010). "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." Id. Therefore, "the critical question is whether a non-party who got notice of the suit would have realized it was the plaintiff's intended target, saved only by a misunderstanding of the actor's roles." Gensler, supra, at § 15:78. For example, if a plaintiff "misunderstood the corporate structure of [named defendant] and the related entities, such that it resulted in a mistake concerning the proper party's identity, then the amended pleadings should relate back." Brown v. VCNA Prestige Concrete Prods., Inc., No. 6:13-CV-979-ORL-31, 2014 WL 1293266, at *3 (M.D. Fla. Mar. 31, 2014)

As explained, the newly added NaphCare entities had sufficient notice of the lawsuit. Furthermore, Plaintiff contends that her decision to sue NaphCare, Inc. was based on an incorrect understanding of the NaphCare entities' roles. (Doc. 34 at 5). This contention, along with the obvious complexity of the NaphCare corporate structure, is sufficient mistake of identity requirement of the relation-back rule. To explain, Krupski provided a hypothetical "mistake of

10

identity" where a plaintiff "generally" knows "what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim." Krupski, 560 U.S. at 549. "If the plaintiff sues party B instead of party A under these circumstances, she has made a 'mistake concerning the proper party's identity' notwithstanding her knowledge of the existence of both parties." Id. Here, Plaintiff sued party A (NaphCare U.S., Inc.) and not parties B, C, D, and E (NaphCare Alabama, LLC; NaphCare Operating LLC; NaphCare US TX, LLC; and NaphCare LLC) because Plaintiff misunderstood the roles that the NaphCare entities played. Thus, Plaintiff establishes a "mistake of identity," and the remaining question is whether the newly added NaphCare entities "knew or should have known that they would have been named as a defendant but for an error." Krupski, 560 U.S. at 548.

The proper focus of this inquiry is "the relationship between the new defendant and the narrative set forth in the original complaint." Gensler, supra at § 15:76. "Does the amended complaint claim that the new defendant played one of the roles that formed the basis of the original complaint?" Id. "Does it appear as though the defendant's omission was the result of a mistake regarding who played what role in the events in question, as opposed to a tactical choice to pursue some defendants but not others?" Id. "If a fair reading of the story told in the complaint would have led the new defendant to realize that the plaintiff was intending to target it, even though the complaint named someone else, then relation back applies provided the other elements of Rule 15(c)(1)(C) are met." Id.

Here, the claims sought against the newly added NaphCare entities form the exact same transaction as stated in the Complaint. The Complaint does not expressly state that NaphCare Alabama, LLC; NaphCare Operating LLC; NaphCare US TX, LLC; and NaphCare LLC are responsible for the alleged unlawful conduct. But the Complaint does specify that the "allegations

11

against NaphCare extend to its parent companies, subsidiaries, and affiliated entities." (Doc. 1 at 4). Now, Plaintiff seeks to add NaphCare parent companies, subsidiaries, and affiliated entities as defendants. A fair reading of the complaint would have led these NaphCare entities to realize that they were the intended target. In fact, NaphCare Alabama LLC appeared and responded to the complaint, even though NaphCare Alabama LLC was not expressly mentioned. Therefore, Plaintiff's motion establishes that the newly added NaphCare entities knew or should have known that they would have been named as defendants but for a misunderstanding of their corporate roles.

To summarize, the requirements for relation back under Rule 15(c) have been meet, so the statute of limitations does not bar the addition of the proposed NaphCare defendants. NaphCare Alabama LLC fails to show that amendment would be futile. Accordingly, Plaintiff's motion for leave to amend the complaint is **GRANTED**.

### IV.     Motion to Strike First Amended Complaint

NaphCare Alabama LLC argues that the First Amended Complaint, which was filed without consent or the Court's leave, should be stricken. (Doc. 41). Plaintiff argues that the First Amended Complaint should be accepted because it was filed solely to ensure that the statute of limitations did not preclude the claims against the newly added defendants. (Doc. 49).

Several reasons justify striking the First Amended Complaint. To start, it was filed without the Court's leave or the opposing parties' consent. "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect . . . ." Wright & Miller, supra at § 1484. Next, any statute-of-limitations concerns Plaintiff has about striking the amended complaint are unfounded because of the application of the relation-back doctrine under Rule 15(c). Finally, the First Amended Complaint contains several problems that should be addressed.

To begin, the First Amended Complaint lists ten fictitious defendants. Fictious-party pleading is generally not permitted in federal court, unless the plaintiff's description of the defendant is "sufficiently clear to allow service of process." Dean v. Barber, 951 F.2d 1210, 1215–16 & n.6 (11th Cir. 1992); see also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Here, both the Complaint and the First Amended Complaint provide highly generic descriptions of the "John Does." (Doc. 1 at 4; Doc. 40 at 5). Plaintiff describes John Does 1–10 as employees or agents "who participated in Mr. Locke's assessment and/or treatment during the relevant time period." (Doc. 1 at 4; Doc. 40 at 5). These descriptions are likely insufficient to allow proper service. See Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020) (explaining that "highly generic" descriptions such as "a male detective" or "one of the officers at the hospital" are insufficient to allow fictitious-party pleading). Moreover, both the Complaint and the First Amended Complaint state that Plaintiff is "currently ignorant of [the fictitious defendants'] identities and intends to amend this Complaint expediently upon learning of them." (Doc. 1 at 4; Doc. 40 at 5). Yet, Plaintiff has failed to amend in this manner or serve these fictitious defendants. Therefore, Plaintiff fails to show that the limited circumstances allowing for fictious-party pleading are present, and Plaintiff's amended complaint may not include these generic claims.

Further, the First Amended Complaint refers to "NaphCare US TX, Inc." and makes several citations to Louisiana law. (Doc. 40 at 4, 36–37). NaphCare Alabama LLC's response to the motion for leave to amend the complaint explains that "NaphCare US TX, Inc." is "an incorrectly named non-existent entity." (Doc. 39 at 4 at n.7). And there does not appear to be a basis for reference to Louisiana law in this action. Thus, the First Amended Complaint is **STRICKEN**, and Plaintiff's Second Amended Complaint should correct these apparent errors.

## V.    Conclusion

Plaintiff moves the Court for leave to file an amended complaint. Plaintiff's motion meets the requirements of Rule 15(a)(2). Therefore, the motion for leave to amend the complaint is **GRANTED**. Defendant NaphCare Alabama LLC moves to strike the First Amended Complaint, which was filed without consent or the Court's approval. The motion to strike the First Amended Complaint is **GRANTED**.

Plaintiff is **ORDERED** to file her Second Amended Complaint **on or before June 2, 2026**. In compliance with this order, the Second Amended Complaint shall address the stated problems.

The existing Defendants (Sherrif Paul Burch, Mobile County, NaphCare Alabama LLC, and Katie Erickson Holder) shall file their answers or otherwise respond **on or before June 16, 2026**. Each newly added Defendant shall file its answer or otherwise respond "within 21 days after being served with the summons and complaint" or "if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). In accordance with Rule 4(m), Plaintiff has 90 days from the date on which the amended complaint is filed to serve the new Defendants with process. See Lindley v. City of Birmingham, Ala., 452 F. App'x 878, 880 (11th Cir. 2011).

**DONE** and **ORDERED** this **26th** day of **May 2026.**

 /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

14