**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRACY MURRILL, as Personal Representative of Robert Vincent Locke, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 1:26-cv-17-KD-N** |
| **v.** | ) ) | |
| **NAPHCARE ALABAMA LLC,** *et al.* | ) ) | |
| **Defendants.** | ) | |

**ORDER CONCERNING PENDING MOTIONS TO DISMISS**

On February 18, 2026, Defendant NaphCare Alabama LLC, f/k/a NaphCare, Inc. ("NaphCare"), filed a motion (Doc. 7) pursuant to Fed. R. Civ. P. 12(b)(6) by which it seeks the dismissal of Plaintiff's original Complaint (Doc. 1) with prejudice. Subsequently, on March 30, 2026, Defendant Katie Erickson filed a Rule 12(b)(6) motion to dismiss the original Complaint with prejudice (Doc. 29). These motions are now before the undersigned Magistrate Judge.[1]

On June 2, 2026, pursuant to the Court's order (Doc. 53) granting leave to amend, Plaintiff filed Second Amended Complaint (Doc. 54). As a result of this amendment, the motions to dismiss are now directed at a pleading that is no longer operative. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the

---

[1] These motions to dismiss have been referred to the undersigned Magistrate Judge. See S.D. Ala. GenLR 72(a)(2)(S) & (b); 2/19/2026 and 3/30/2026 reference notations on the docket sheet.

1

former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."' (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Moreover, the Second Amended Complaint appears to be an effort to address issues raised in the Defendants' motions. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim").

Accordingly, the subject motions to dismiss (Doc. 7 and Doc. 29) are moot and **DENIED without prejudice**.[2] If warranted by Plaintiff's operative pleading and applicable law, then the Defendants may re-raise some or all of their arguments in new motions directed at the Second Amended Complaint.

All Defendants' responsive pleadings concerning the Second Amended Complaint (Doc. 54) must be filed within 14 days after service of the Second Amended

---

[2] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (district court judge held that the assigned magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).

Complaint. Fed. R. Civ. Proc 15(a)(3).

**DONE** and **ORDERED** this the 4th day of June 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

3