**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRACY MURRILL, as Personal Representative of Robert Vincent Locke, deceased,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 1:26-cv-17-KD-N** |
| **v.** | ) | |
| **NAPHCARE ALABAMA LLC, *et al.*** | ) | |
| **Defendants.** | ) | |

**ORDER**

On June 5, 2026, certain Defendants filed a motion to stay discovery (Doc. 56). The motion is now before the undersigned Magistrate Judge for disposition.[1]

In accordance with a recent order issued by the assigned District Judge, Plaintiff filed Second Amended Complaint on June 2, 2026, with Defendants' responsive pleadings due by June 16. The current deadline for the parties to hold the discovery planning conference pursuant to Rule 26 is June 12, 2026. See text-only Court order dated May 18, 2026 (Doc. 52).

In response to the original Complaint, the moving Defendants filed motions to dismiss all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). See Doc. 7 and Doc. 29. In the subject motion, these Defendants represent that they "anticipate filing renewed motions to dismiss addressing the allegations set forth in Plaintiff's Second

[1] The motion was referred to the undersigned Magistrate Judge. See S.D. Ala. GenLR 72(a)(2)(S) & (b) and the 6/5/2026 referral notation on the docket sheet.

Amended Complaint" on or before the June 16 responsive pleading deadline. Doc. 56 ¶ 5.

Moving Defendants argue that going forward with the Rule 26(f) discovery planning conference and allowing discovery to proceed soon thereafter "would undermine the well-settled principle that motions testing the legal sufficiency of a complaint should be resolved before the parties incur the burden and expense of discovery." Doc. 56 at 1-2. In support of their motion, Defendants cite Eleventh Circuit Court of Appeals cases such as *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.")

The Court finds moving Defendants' motion well taken. Accordingly, the subject motion to stay (Doc. 56) is **GRANTED** to the extent that it is hereby **ORDERED** that all discovery proceedings in this action, including the holding of Rule 26(f) conference and the filing of a Rule 26(f)(2) report, are **STAYED** until further order of the Court.

**DONE** and **ORDERED** this the 9th day of June 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**