**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **TRACY MURRILL,** | ) |
| **AS PERSONAL** | ) |
| **REPRESENTATIVE OF** | ) |
| **ROBERT VINCENT LOCKE,** | ) |
| **DECEASED** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO.: 1:26-cv-00017-KD-N** |
| **NAPHCARE, INC., MOBILE** | ) |
| **COUNTY, SHERIFF PAUL** | ) |
| **BURCH, KATIE ERIKSON** | ) |
| **ET AL.** | ) |
| | ) |
| **Defendants.** | ) |

**NAPHCARE LLC, NAPHCARE OPERATING LLC, AND NAPHCARE US TX LLC'S REPLY IN SUPPORT OF JOINDER IN NAPHCARE ALABAMA LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendants NaphCare LLC f/k/a NaphCare, Inc., NaphCare Operating LLC, and NaphCare US TX LLC (collectively, the "Added NaphCare Entities")[1], and submit this Reply in support of their joinder of NaphCare Alabama LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Docs. 59–60) and

[1]The Added NaphCare Entities are NaphCare LLC f/k/a NaphCare, Inc., NaphCare Operating LLC f/k/a NaphCare US, Inc., LLC, and NaphCare US TX LLC f/k/a NaphCare DE, LLC. NaphCare, Inc., an Alabama corporation, converted to NaphCare LLC, a Texas limited liability company, on October 17, 2025; NaphCare Alabama LLC was thereafter formed by the divisive merger of NaphCare LLC on January 28, 2026, and all claims and liabilities arising from the Health Services Agreement with Mobile County and the Sheriff of Mobile County were allocated to NaphCare Alabama LLC. See Doc. 60 at p. 1 n.1. The Added NaphCare Entities appear solely to seek dismissal under Rule 12(b)(6) and reserve all defenses.

Reply in Support (Doc. 71). As grounds, the Added NaphCare Entities state as follows:

**INTRODUCTION**

Plaintiff's Opposition confirms the defect in the Second Amended Complaint ("SAC") rather than curing it. The SAC pleads no facts stating a claim against NaphCare LLC, NaphCare Operating LLC, or NaphCare US TX LLC; it names them only through the collective label "NaphCare" and attributes no act to any of them. Rather than identify allegations the Added Entities overlooked, the Opposition recasts the motion as a demand for extrinsic evidence and premature fact-finding, and asks for discovery to supply what the SAC omits. But the Opposition never identifies a single well-pleaded fact tying these three entities to the events at MCMJ, and discovery cannot substitute for facts a plaintiff has not pled. Plaintiff has, moreover, already told this Court that testing the sufficiency of these allegations is "the role of a Rule 12(b)(6) motion." (Doc. 42 at p. 2.) The SAC pleads no claim against the three Added Entities, and it should be dismissed as to them.

**I. Plaintiff's extrinsic-evidence and discovery arguments respond to a position the Added Entities did not assert.**

The majority of Plaintiff's Opposition responds to an argument the Added Entities never make. Plaintiff contends the motion improperly relies on the Health Services Agreement and the divisive merger and asks the Court to resolve "fact

intensive" corporate-structure disputes without discovery.[2] For purposes of this motion, the Added Entities accept that the Court's review is limited to the four corners of the SAC, and they ask the Court to consider nothing else. Whether the divisive merger achieved a particular legal effect is beside the point under Rule 12(b)(6). The SAC, standing alone, must state a claim against these three entities and it does not.

Plaintiff cannot have it both ways. Seeking leave to amend, she told this Court that "[a] Rule 15 motion is not the proper vehicle for adjudicating the merits of allegations in the new proposed complaint; that is the role of a Rule 12(b)(6) motion or, after discovery, a motion for summary judgment."[3] She also insisted the inquiry "must be confined to the four corners of the proposed pleading."[4] The Added Entities have now filed the very Rule 12(b)(6) motion Plaintiff described, testing the very four corners she invoked. Plaintiff cannot invite a Rule 12(b)(6) motion and then call it premature.

## II. The SAC's collective allegations do not plausibly state a claim against the Added Entities.

Plaintiff argues she need not distinguish any facts concerning the entities because "each fact against 'NaphCare' applies to each of the four NaphCare

[2] Doc. 80 at pp. 6–8.
[3] Doc. 42 at p. 2.
[4] Doc. 42 at pp. 3–4.

entities."[5] Plaintiff's premise rests on a label of her own choosing but that label does not control the Court's analysis on a motion to dismiss. Grouping four separate entities under one name does not establish that each of them did what the SAC attributes to "NaphCare". To survive dismissal, the SAC must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The SAC pleads no fact connecting NaphCare Operating LLC or NaphCare US TX LLC to MCMJ. It alleges only that they occupy positions in the ownership chain: NaphCare LLC is a wholly owned subsidiary of NaphCare Operating LLC, which is a wholly owned subsidiary of NaphCare US TX LLC.[6] The single allegation Plaintiff invokes that all four "contracted with Defendants Mobile County and Sheriff Paul Burch to provide medical care to inmates at [MCMJ] and was the employer of Nurse Practitioner Katie Erickson Holder[7] is a conclusory assertion leveled collectively at four distinct entities, not a well-pleaded fact as to each. The SAC sweeps two upstream holding companies in with the operating entities and pleads no fact that either parent contracted, employed anyone, adopted any policy, or did anything at MCMJ.[8] That does not permit a reasonable inference that either parent is liable for the conduct alleged.

[5] Doc. 80 at p. 5.
[6] Doc. 54 ¶ 17.
[7] Id.
[8] Id., generally.

**III. Discovery cannot supply what Rule 8 requires.**

Plaintiff's fallback is that any missing facts are "peculiarly within the knowledge of Defendants" and must await discovery.[9] That is what the pleading standard forecloses: Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678–79. Plaintiff's authorities do not hold otherwise. *Restless Media* addressed alternative and inconsistent pleading of a fraud scheme under Rule 8(d); the "peculiarly within the knowledge" language she quotes concerned the granular details of an agent's authority and fund transfers, where the plaintiff had already pled a concrete factual basis against specific defendants. *Restless Media GmbH v. Johnson,* 704 F. Supp. 3d 1288, 1297–98 (S.D. Fla. 2023). It does not excuse the absence of any facts. Indeed the same opinion dismissed a claim because the plaintiff "has not advanced any argument as to why the corporate veil should be pierced." *Id.* at 1299-1300. The two out-of-circuit district decisions Plaintiff cites do not bind this Court and decide nothing about the sufficiency of the SAC: *Rowland* is a magistrate judge's report and recommendation that let claims against the LaSalle entities proceed on the particular facts before it and on earlier rulings in the same district (*Rowland v. Sw. Corr., LLC,* 2021 U.S. Dist. LEXIS 175583 (E.D. Tex. Aug. 17, 2021)), and *Wooten* is a discovery order denying a motion to quash a deposition during jurisdictional

[9] Doc. 80 at 5–6, 8.

discovery; it does not analyze whether a complaint states a claim. *Wooten v. LaSalle Corr.,* 2024 U.S. Dist. LEXIS 224457 (M.D. Ga. Dec. 11, 2024).

## IV. The SAC pleads no basis to reach the parent entities under Alabama alter-ego law.

To hold NaphCare Operating LLC or NaphCare US TX LLC liable for a subsidiary's conduct, Plaintiff must plead facts supporting alter-ego liability. Under Alabama law, "a parent corporation is a distinct entity from its subsidiary and is not liable for the acts of its subsidiary unless it is a mere adjunct, instrumentality, or alter ego" of the parent. *Whatley v. Merit Distrib. Servs.,* 2001 U.S. Dist. LEXIS 2744, at *8 (S.D. Ala. Feb. 5, 2001); accord *In re Birmingham Asbestos Litig.,* 997 F.2d 827, 829 (11th Cir. 1993).) Alter-ego status turns on the totality of the circumstances and a showing of substantial domination, common management, intermingled finances, shared operations, and disregard of corporate formalities, not mere ownership or a position on a corporate chart. *Whatley,* 2001 U.S. Dist. LEXIS 2744, at *9–10. The SAC pleads none of this; it alleges only the ownership chain and the collective label.

Plaintiff's rejoinder that *Whatley* was decided at summary judgment[10] misunderstands the argument. The Added Entities do not ask the Court to weigh alter-ego proof; they ask whether the SAC alleges alter-ego facts at all. It does not. The SAC pleads no common management, no intermingled finances, no shared

[10] Doc. 80 at 8.

employees, and no disregard of corporate formalities. It only alleges the bare ownership chain. Facts a plaintiff admits she cannot yet allege are, by definition, not pleaded. And a plaintiff's failure to plead veil-piercing facts warrants dismissal, not discovery. *Restless Media,* 704 F. Supp. 3d at 1300.

## V. The Court's May 26 Order does not foreclose this motion.

Plaintiff's last argument leans on this Court's order granting leave to amend, quoting its description of the NaphCare structure as "complex," "multifaceted," and "fact intensive."[11] That order merely foreclosed reliance on extrinsic evidence; it does not foreclose this motion, which rests on the SAC alone.

## CONCLUSION

For these reasons, and those set forth in the Added NaphCare Entities' Brief in Support (Doc. 78), the Second Amended Complaint should be dismissed with prejudice as to NaphCare LLC, NaphCare Operating LLC, and NaphCare US TX LLC.

Respectfully submitted,

*s/ Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
Blackstone Trial Group
1200 Corporate Dr., Suite 425
Birmingham, Alabama 35242
Telephone: (659) 241-4619
E-mail: jessica@blackstonetrial.com

[11] Doc. 80 at p. 6.

*Counsel for Defendants NaphCare LLC, NaphCare Operating LLC, and NaphCare US TX LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I electronically filed the foregoing with the CM/ECF system, which will send electronic notification of such filing to the following:

Aaron Maples
Maples, Connick & Brendel, LLC
411 St. Francis St., Ste. B
Mobile, AL 36602
Email: aaron@maplesconnick.com

Sam Harton
Romanucci and Blandin, LLC
321 N. Clark St.
Chicago, IL 60654
Email:sharton@rblaw.net

Breanne Zarzour
Ross Dockins
PHELPS DUNBAR LLP
P.O. Box 2727
Mobile, AL 36652
Email: Brie.Zarzour@phelps.com
Email: Ross.Dockins@phelps.com
*Attorneys for Katie Erikson*

Garrett Zoghby
Jay Ross

Ava Ringhoffer
Adams & Reese, LLP
P.O. Box. 1348
Mobile, Alabama 36633
Email: jay.ross@arlaw.com
garrett.zoghby@arlaw.com
ava.ringhoffer@arlaw.com
*Attorneys for Mobile County, Alabama*

Thomas O. Gaillard, III
William Kirkland Mattei
Helmsing, Leach, Herlong, Newman & Rouse PC
P.O. Box 2767
Mobile, Alabama 36652
*Attorneys for Defendant Sheriff Paul Burch*

*s/Jessica A. Hornbuckle*
Jessica A. Hornbuckle (ASB-2464-E98L)
OF COUNSEL